In the Matter of the Claim of JOHN H. SHADES, Respondent, against McCLOSKEY & Co., and ÆTNA CASUALTY & SURETY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Claimant suffered a hernia on February 24, 1938, as the result of an industrial accident while working for the employer. A physician diagnosed the condition on February 26th, prescribed and recommended an operation. Claimant consented. Appellants failed to provide this necessary and proper medical and surgical attention until May 27th. During this period claimant was unable to work. The proof sustains the award for total disability from February 24th to May 27th, 1938. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of PAUL D'ANNEO, Respondent, against SPERRY GYROSCOPE COMPANY, INC. (a Self-insured Employer), Appellant. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the self-insurer from the decision and award of the State Industrial Board awarding the claimant the sum of $533.25 representing thirty-three and one-third per cent loss of the use of the right arm [thumb]. The issues were: first, whether the State Industrial Board has the right to reopen the case after disallowance of the claim by a referee; and second, whether the award appealed from may be based upon medical testimony made on June 27th. An examination of the evidence in the record sustains the award appealed from. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of CHARLES WISCHMAN, Appellant, against BERRICK-MEYER and THE STANDARD ACCIDENT INSURANCE COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Appeal from a decision of the State Industrial Board, dated October 18, 1939, made under the Workmen's Compensation Law, which reversed an award of compensation previously granted by a referee and dismissed the claim on the ground that the claimant did not receive an accidental injury arising out of and in the course of his employment. Claimant was employed as a janitor and resided across the street from his place of employment. He went home for supper and while crossing the street on his return to the apartment to look after the fires, was struck by an automobile and killed. Decision unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ. [See post, p. 941.]