In the Matter of the Claim of VINCENT CLIFFORD LEATHAM Respondent, against THURSTON & BRAIDICH, Employer, and THE EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1942.

*Charles P. Barre*, for the appellants.

*John J. Bennett, Jr., Attorney-General* [*John F. Loehr, Assistant Attorney-General*, of counsel], for the State Industrial Board.

*Irving B. Stern*, for the respondent.

BLISS, J. The sole question presented on this appeal is whether the claimant's injuries arose out of and in the course of his employment. The accident occurred at about eight-fifteen A. M. on April 16, 1940, while claimant was on his way to work walking on the sidewalk of 286 Spring street, New York city, in which building he was employed as a chemist. His work was confined solely to these premises and his hours were from nine A. M. to five P. M. In the front of the building was the doorway by which claimant intended to enter and also a loading platform. When claimant reached the premises he found a large truck backed up against the loading platform to receive a load of merchandise and extending across the sidewalk and out into the street. The doorway was on the opposite side of the truck from claimant and about six feet therefrom. Instead of walking out into the street around the truck, claimant attempted to climb over between the driver's cab and the body and while so doing caught his foot, tripped and fell, sustaining a partial permanent injury to his left arm. The Industrial Board has found that this injury was caused by the failure of the employer to provide the employees with a safe way of entering the building.

Usually a plant worker's employment begins only when he reaches the plant and ends when he leaves it. (*Matter of Clark* v. *Voorhees*, 231 N. Y. 14; *Matter of Lampert* v. *Siemons*, 235 id. 311.) But about the plant, there is a penumbra within which falls the shadow of the employment. " The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employee bears to the employment because of and in the course of which he has been injured. And this is not to impose liability upon one person for an injury sustained by another with which the former has no connection; but it is to say that it is enough if there be a causal connection between the injury and the business in which he employs the latter — a connection substantially contributory though it need not be the sole or proximate cause." (*Cudahy Co.* v. *Parramore*, 263 U. S. 423. See, also, *Bountiful Brick Co.* v. *Giles*, 276 id. 154; *Matter of Lasher* v. *Primo Producing Co., Inc.*, 252 N. Y. 623: *Matter*

of *Field* v. *Charmette K. F. Co.*, 245 id. 139; *Matter of Lynch* v. *City of New York*, 242 id. 115; *Matter of Ross* v. *Howieson*, 232 id. 604; *Matter of Carter* v. *Gordiner & Warring Co.*, 230 id. 597; *Matter of Bishoff* v. *Storks' Nest, Inc.*, 245 App. Div. 884; *Matter of McDonnell* v. *Massey-Harris Harvester Co.*, 227 id. 677; *Matter of Gillette* v. *Rochester Vulcanite Paving Co.*, 224 id. 319.) " The employment is not limited to the exact moment when the workman reaches the place where he begins his work, or to the moment when he ceases that work. It necessarily includes a reasonable amount of time and space before and after ceasing actual employment, having in mind all the circumstances connected with the accident." (*Jeffries* v. *Pitnam-Moore Co.*, 83 Ind. App. 159; 147 N. E. 919.)

It is sufficient if the accident arises logically out of the employment and the hazards of the way in and out are part of the employment. When the accident happens from the dangers of the premises and the limits of the business there conducted, it is as though it happened upon the premises themselves. A relationship which brings the accident within the range of the employment is all that is required. In the instant case the claimant had reached the employer's premises but had not yet entered. His usual route to the door was blocked by the truck which was backed up to the loading platform. The business compelled a choice of risks. He could go around the front of the truck out into the heavily traveled street or he could follow the shorter route to the door by climbing over the truck. Whether the choice he made was reasonable or not was immaterial. Perhaps one who did not desire to enter the building would have gone out into the street around the truck. That he intended to enter the building surely was a consideration in his determination to go by the shorter route directly to the door. The presence of both the truck and the claimant was due to the employment and we cannot say that the accident was entirely disassociated from the employment. To hold that merely because claimant had not actually set foot within the building, there was no relation between the employment and the accident, would be splitting hairs too finely. Had claimant in attempting to enter the premises climbed upon the truck with the intention of going from the truck directly onto the loading platform and an accident occurred at exactly the same spot, there would be no question but that the accident arose out of and in the course of the employment and was the result of a risk arising from the nature of the business and premises. Here, for all practical purposes, this truck was a part of the premises.

The case of *Gullo* v. *American Lead Pencil Co.* (118 N. J. L. 445; 193 A. 804) is directly in point. It was there held that injuries

sustained, by an employee in a fall on an uncleared patch of ice on a public sidewalk about two feet from the employee's entrance gate to the employer's premises while on her way to work, arose out of and in the course of her employment, and were compensable. The court said: "The employer's premises are more than the mere place of work. The approaches thereto even if over a public or private way may be so related to the injury and the business of the employer and employe that an accident occurring to an employe outside the factory gates may be as much an accident arising out of and in the course of the employment as though it had occurred within those gates. To refuse a recovery for an injury within two feet of the factory gate at a point where the employer had the right to remove the cause of the accident is far too limited a construction of a remedial law. The uncleared snow and ice near the factory gate was an unnecessary hazard to those hurrying to the place of employment. The duty to compensate employes for accidental injury extends beyond the mere confines of the factory and includes the approaches to the place of work certainly when within the control of the employer as were the sidewalks."

The award should be affirmed, with costs to the State Industrial Board.

HILL, P. J., HEFFERNAN and FOSTER, JJ., concur; CRAPSER, J., dissents, and votes to reverse the award and dismiss the claim on the ground that the accident arose in the street before claimant had reached the employer's premises and did not arise out of and in the course of his employment.

Award affirmed, with costs to the State Industrial Board.