In the Matter of the Claim of EVELINE A. COHN, Appellant, against MORNINGSTAR NICOL, INC., et al., Respondents. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 3, 1943.

*Nathan, Mannheimer & Asche* (*A. J. Asche* and *Samuel Spindell* of counsel), for appellant.

*E. C. Sherwood* (*William B. Davis* of counsel), for respondents.

*John J. Bennett, Jr., Attorney-General,* for State Industrial Board.

BLISS, J. Speaking of an accident occurring to a plant worker on his way to work on the sidewalk in front of the

employer's premises, we said in *Matter of Leatham* v. *Thurston & Braidich* (264 App. Div. 449, affd. without opinion 289 N. Y. 804): " It is sufficient if the accident arises logically out of the employment and the hazards of the way in and out are part of the employment. When the accident happens from the dangers of the premises and the limits of the business there conducted, it is as though it happened upon the premises themselves. A relationship which brings the accident within the range of the employment is all that is required."

Following its customary practice in cases in which it denies an award, the Industrial Board has failed to make a finding as to how this accident occurred. It states in its findings only the allegations of the claimant. We must, therefore, go to the evidence to learn the facts. The accident happened on March 10, 1941, immediately in front of the steps, and just as claimant was about to step on the steps her foot, which was on the pavement, slid out. A truck, backed up against the loading platform, was being loaded. Claimant testified that at two minutes before nine o'clock in the morning, when she was on her way to work, she had reached the sidewalk in front of the premises occupied by her employer. At least two steps led from the sidewalk into the building, the lower of which extended about six inches beyond the building line onto the sidewalk and the upper was inside of the building line. Immediately to the right of the steps as one faced the building and adjoining them was a loading platform for trucks. Claimant said she had turned to go up these steps and was poised to get on the step when her foot slipped and she fell. She also stated that there must have been ice. There had been a very bad snow storm the preceding Friday, March 7. At one point she said she had gotten to the stairway. Apparently a passerby on the sidewalk would continue straight ahead past the steps. This claimant, however, had turned from that course to enter the building and was in the act of mounting the steps. Whether or not there was ice on the sidewalk at that point is a fact which the State Industrial Board should have found, but did not. The step which was outside of the building line was a part of the premises. It was more a part of the building than of the sidewalk and used only by those who wished to enter the building. A pedestrian passing by would not use it. Claimant's employment required that she mount the steps and this act was a risk incidental to the particular premises in which claimant was employed and was not one to which pedestrians on the sidewalk generally were exposed. If claimant was injured as a result of this risk, and apparently she was, then her injury arose out of her employment.

The decision of the State Industrial Board should be reversed and the matter remitted, with costs to the claimant against the State Industrial Board.

SCHENCK, J. (dissenting). Claimant had not entered upon her employer's property. When asked to state in her own words how the accident occurred, she testified as follows: " The accident occurred right in front of the building as I was ready to go in, and poised to get on the step in order to get in the entrance, when my foot slipped and I fell." This was the usual place of entrance. Claimant further testified as follows: " Q. Did the accident happen on the sidewalk? A. Well, you would call it the sidewalk. Right alongside of the steps going into the building. Q. Are there steps leading from the street into the building? A. Yes. Mr. Fitzgerald: It was actually on the sidewalk when your foot slipped? The Claimant: Yes. Mr. Asche: Had you turned to step up on the steps? The Claimant: Yes; definitely Mr. Asche: And do you recall whether you were raising your foot to step up when this occurred? The Claimant: No; I don't recall. I don't know. I was poised to go on the step, but I don't remember that I had raised my foot."

From this testimony the Board could find, and apparently did find, that claimant was a plant worker and the accident occurred on the sidewalk in front of her employer's premises and that the injuries sustained did not arise out of and in the course of her employment. (*Matter of White* v. *Consolidated Aircraft Corp.*, 266 N. Y. 554; *Matter of Funarie* v. *Mohawk Club*, 257 App. Div. 887; *Matter of Novotny* v. *Scherer Corp.*, 235 App. Div. 882; *Matter of Wischman* v. *Berrick-Meyer*, 259 App. Div. 766; *Matter of Clark* v. *Voorhees*, 231 N. Y. 14; *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.*, 229 N. Y. 489; *Matter of Lampert* v. *Siemons*, 235 N. Y. 311.)

*Matter of Leatham* v. *Thurston & Braidich* (264 App. Div. 449), recently affirmed by the Court of Appeals (289 N. Y. 804), is not in my opinion in point. There, the employee found the entrance to his employer's premises blocked by a truck backed up to the loading platform. He could have walked around in front of the truck or could have made his way through the truck to the platform, or could have climbed over the truck between the driver's cab and the body. He chose the latter method of gaining entrance to the premises. This court held that when he found the entrance blocked he was compelled to accept the choice of risk and that because of the presence of the truck, though claimant had not actually entered the building, there was a

relation between the employment and the accident. We have no such situation here.

The case of *Gullo* v. *American Lead Pencil Co.* (118 N. J. L. 445), cited in the *Leatham* case, is relied upon by claimant's attorney. There, the employee fell on an uncleared patch of ice on the public sidewalk about two feet from the entrance gate to her employer's premises while on her way to work. The court held that the approaches to the employer's premises, even if over a public street may be so related to the injury and the business of the employer and employee that an accident occurring outside the factory gates may be as much an accident arising out of and in the course of the employment as though it had occurred within the gates, and that the uncleared snow and ice near the factory gate was an unnecessary hazard to those hurrying to the place of employment. There is no evidence in this case that would require the Board to find that there was ice on the sidewalk immediately in front of the steps As to this, claimant testified as follows: " Q. Do you recall whether there was ice immediately in front of the steps leading ——— A. There must have been, because I slid out and fell. Q. Now, I just want to bring out some other circumstances. There had been a very bad snow storm the preceding Friday; do you recall that? A. Yes."

It seems to me that merely a question of fact is presented and the Board has found that the injuries here were sustained on a public street by an employee on her way to work. There is evidence to sustain the Board's decision and under the authorities we may not disturb it.

The decision of the State Industrial Board disallowing the claim should be affirmed.

Hill, P. J., and Heffernan, J., concur with Bliss, J.; Schenck, J., dissents, in an opinion in which Crapser, J., concurs.

Decision reversed and the matter remitted to the State Industrial Board, with costs to the claimant against the State Industrial Board.