Bergau, J.
Claimant was engaged in a war plant as an assembly shipper preparing radio castings for the armed forces. Her work involved the inhalation of fumes and gases. In April, 1943, she developed a cough and on July 2d was required to stop work. A few months later her condition was diagnosed for the first time as bilateral pulmonary tuberculosis.
In the compensation hearings there was medical opinion attributing to the employment an aggravation and reactivation of a pre-existing tuberculosis; and there was opposing medical opinion that the disease and employment were entirely disassociated.
The Workmen’s Compensation Board reversed a finding by the Referee of the existence of occupational disease within the scope of paragraph 28 of subdivision 2 of section 3 of the Workmen’s Compensation Law. The board disallowed the claim. The notice of decision upon the Referee’s finding in favor of the claimant is dated January 20,1947. Copies were received in the mail by the attorney for the claimant and by the claimant on the following day, January 21st.
The insurance carrier contends no copy was received by it, although there appears to have been some confusion in its files. Since the notice of decision was addressed to the carrier and the employer, as well as to the 'Claimant and her attorney, and received by them, the presumption attaching to public acts would require a finding it was mailed to the carrier and employer; and for the purposes of this discussion it will be assumed that the .notice was received by them January 21, 1947.
Twenty-seven days later, on February 17th, the employer and carrier applied to the Workmen’s Compensation Board for a review of the decision and award of January 20th in favor of the claimant. It was on this application that the decision and award were reversed by the board and the claim disallowed.
Appellant argues that the board was without jurisdiction on February 17,1947, to review the decision and award of January 20th in favor of the claimant and that that award has now become conclusive and binding on the respondents. The provisions of section 23 of the Workmen’s Compensation Law are cited in support of this argument.
*449 The section is headed “ Appeals ” and provides that within thirty days after the notice of filing of an award or decision “ has been sent out to the parties ” an appeal may be taken to the Appellate Division, but if any party “ within twenty days after notice of the filing ” of a decision or award makes application to the board for review, “ an appeal may thereafter be taken * * * from such award or decision * * * within twenty days after notice of the filing of the decision of the board upon such application. ’ ’
This language is not a jurisdictional hedge around the Workmen’s Compensation Board. It is an extension of time allowed to a party feeling aggrieved by a decision or award to review it on appeal, if he decides, first and additionally, to ask the board also to review it. The section, if followed, permits both types of review from the decision or award. It suspends the running of the time to appeal from the original decision until after the board has completed its review.
It imposes special time limits if this kind of procedure is selected by the party aggrieved, i.e., twenty days to apply for a review by the board and twenty days after the board’s determination to appeal from the original decision. Neither in its text nor in its function is any time limit imposed by the section upon the power of the board to review or the right of a party aggrieved to ask the board for a review. All its provisions are directed toward the regulation of an appeal from an original determination.
The general power of the board over its awards, decisions and orders rests on section 123, which supplements certain enumerated powers of review contained in section 22. The language of section 123 frames a broad power of modification. Power and jurisdiction “ shall be continuing ” and may be exercised “ from time to time ’ ’ in the direction of such modification of decisions as to the board in its opinion may seem just.
This language has received judicial construction in full consonance with the spirit in which it was written. (Matter of Di Donato v. Rosenberg, 256 N. Y. 412; Matter of Abbate v. Bertollone, 268 App. Div. 839; Matter of Culver v. Sevilla Home for Children, 266 App. Div. 705; Matter of D'Anneo v. Sperry Gyroscope Co., 259 App. Div. 766; Matter of McMahon v. Gretzula, 238 App. Div. 877.) The power includes the right so to modify a decision as to reach a different result upon the same record. (Matter of Ingberg v. Zimmerman, 261 N. Y. 551; Matter of Krevac v. 310 East 55th St., Inc., 287 N. Y. 621.)
From all of this, the power of the board to entertain the application to review the decision and award on an application made *450 twenty-seven days after the decision was filed, and to reverse it and disallow the claim is not open to doubt and must be affirmed.
The rest of appellant’s argument is addressed to the facts and to the weight of evidence. It is contended that pulmonary tuberculosis has been held to be an occupational disease under the Workmen’s Compensation Law. It has, of course, been so held in the numerous authorities which appellant cites, and in others, and in addition it has also been held that awards may be made for reactivation or aggravation of pre-existing tuberculosis resulting from employment.
Reliance is had by appellant on section 47 of the statute which creates a presumption that certain diseases are the result of the stated employments and processes described in the schedule to be found in subdivision 2 of section 3. The presumption related to these schedules has often been relied upon by the board, and, indeed, the referee in this case read them together in reaching the conclusion which the board reversed, that claimant’s tuberculosis was an occupational disease within the scope of the act.
The citation by the appellant of numerous cases differing from the determination here channels itself into an ultimate argument that the court impose consistency on the Workmen’s Compensation Board. That one claimant alleging tuberculosis resulted from his employment has had an award does not require that all such allegations must be disposed of in the same way, and the aid of a presumption gives no special weight to the argument.
The power to weigh and determine facts carries with it a freedom of action and decision inherent in itself. When disorganized facts are resolved into a finding for the purpose of decision, an attempt at consistency is made to conform the ultimate decision with what was done in other similar situations. The resulting pattern is substantive law.
But no one has ever argued successfully that juries must be consistent in the way they judge facts on one side of the scale or the other; and surely no more rigid duty rests upon other agencies of the State exercising fact-finding functions. Fact finding, indeed, is the antithesis of rigidity, and if it became formalized would readily transmute itself into a superfine system of rule-of-thumb evaluations. Fact finding, as it has been noted before this, is the most unpredictable function of our law. (Matter of Linahan, 138 F. 2d 650 [Frank, J.] ; Frank, Legal Thinking in Three Dimensions, 1 Syracuse L. Rev. 9 [1949].)
Fact finding could be fully predictable and consistent only in the uniformity of a flatly sterile society. In a vigorous society and under an adaptable and vital system of law, fact finding is *451 the result of the impact of infinite variations of events upon an open mind. The process tends to trace frequently the same ground, but it does not always or inevitably do so, and if it is to be free cannot be made always to do so. Every man who says he was on the right side of the road is not bound to have a verdict, even though many who do say that do have verdicts.
The claim is that the employee’s tuberculosis was reactivated by the fumes and gases in which she worked. The board had before it medical opinion that the reactivation and aggravation were the result of employment. It had strong medical opinion that there was no association whatever, and could be none, between the course of the disease and the employment. It adopted this side of the controversy. It is nothing to say that it could have found otherwise.
The decision of the "Workmen’s Compensation Board disallowing the claim should be affirmed, without costs.
Foster, P. J., Heffernan, Brewster and Deyo, JJ., concur.
Decision of the "Workmen’s Compensation Board disallowing the claim affirmed, without costs. [See post, p. 1005.]