■ In the Matter of the Claim of ROSE ROSENWASSER, Respondent, against LANES LAKE SUCCESS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from award to claimant contending that injuries sustained from a fall in a parking lot were not compensable. To the rear of the employer's store — part of a shopping center — was a large parking lot. The employees' entrance to the store was in the rear, separated from the parking lot by a sidewalk running along the side of the building. The testimony tends to establish that the sidewalk was under the jurisdiction of the store, the parking lot was not. It further established that employees who came to work by bus were required by the employer to cross some part of the lot before reaching the sidewalk and the employees' entrance. Therefore, the parking lot under these circumstances became part of the employer's precincts. (*Matter of Flanagan* v. *Leonard Elec. Co.*, 274 App. Div. 1081; *Matter of Moskowitz* v. *Granata*, 9 A D 2d 310 and cases cited therein.) Claimant, a salesgirl, testified that on the morning of December 5, 1957 she arrived by bus, walked through the parking lot, was about five feet from the entrance and near the sidewalk, as shown in photograph No. 4, when she slipped on ice and was injured. Her testimony as to the happening of the accident was disputed by some fellow employees, which created a factual issue found in favor of the claimant. The appellants further contended the fact that the parking lot was not under their control or maintenance absolved them from responsibility and on an application for a review relied upon *Matter of Funarie* v. *Mohawk Club* (257 App. Div. 887). That case is readily distinguishable as it concerned falling on a public sidewalk in front of employer's premises. The theory of responsibility in this case is in close relation to the facts in *Matter of Cohn* v. *Morningstar Nicol* (265 App. Div. 579) where at page 580 the court said: " Claimant's employment required that she mount the steps and this act was a risk incidental to the particular premises in which claimant was employed and was not one to which pedestrians on the sidewalk generally were exposed. If claimant was injured as a result of this risk, and apparently she was, then her injury arose out of her employment." Under the circumstances, whether the accident happened as an incident and risk of employment was within the realm of the fact finders and the testimony substantiated such findings. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.