DENVER & R. G. W. R. CO. v. INDUSTRIAL COMMIS-SION et al.

No. 4687. Decided July 5, 1928. (269 P. 512.)

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

CHERRY, J.

Joe Massey, an employee of the Denver & Rio Grande Western Railroad Company, was killed in an automobile accident on Main street in the city of Price, Utah, on the morning of November 20, 1926, while on his way to work. In proceedings before it, the Industrial Commission, under the Workmen's Compensation Act (Comp. Laws 1917, §§ 3061-3165), made an award of compensation against the employer in favor of the dependent wife of the deceased employee on account of the latter's death. The employer has brought the case here by writ of review, contending that the award is invalid because of no substantial proof that the accident resulting in the employee's death arose out of or in the course of his employment.

The record discloses the facts as follows: The plaintiff employer was engaged in certain railroad construction work at Kenilworth, about 10 miles distant from Price, Utah. A gang of twenty or more laborers residing at Price, including Massey, the deceased, was employed in the work. One Tony Bernardi was employed by the railroad company to furnish a truck and transport the workmen from a certain tool or section house in the western part of the city of Price to and from their place of work, leaving the section house at about 7 o'clock a. m. and returning there about 6 o'clock p. m. Massey, the deceased employee, was employed by the day and was paid 38 cents per hour, working ten hours per day, and his time was computed from when he left the section house in the morning until he returned there in the evening. He was ordered to report daily at the section house at 7 o'clock a. m. The workmen employed resided in various directions and distances from the section house. Ex-

cept as hereinafter stated, they got to and from the section house by their own means of transportation. Bernardi, the operator of the truck, Massey, the deceased employee, and four or five other workmen resided near each other in the eastern part of the city of Price about three-fourths of a mile east from the section house. It was the practice of this group to board the truck at that point in the morning and ride through the business section of the city to the section house, where the other workmen and the foreman of the gang boarded the truck. It was proved that the foreman had observed Massey and other workmen at various times riding in the truck to the section house as it came there in the morning to take the gang to work. On the morning of November 20, 1926, Massey and five other workmen living nearby boarded Bernardi's truck at or near Bernardi's house in the city of Price about three-fourths of a mile east of the section house, and started for the section house intending to report for work that day. While going through the business section of the city, the truck collided with another truck, in which accident Massey was killed.

Upon proof of substantially the foregoing facts, the Industrial Commission found that the employee met with the fatal accident "during the hours of his said employment and while then and there riding on a truck provided by said company for the transportation of its employees to their place of labor," and awarded compensation for the employee's death.

The question to be decided is whether the facts stated constitute substantial evidence that the accident arose out of or in the course of the employment of the deceased.

The solution of the controversy depends upon the interpretation of the facts in the case rather than upon legal principles. Opposing contentions are made as to the effect of the evidence. The employer insists that the acknowledged facts in the case show that the employment of the deceased included only his transportation from the section house to and from the place of work. On behalf of the Industrial

Commission and the defendant wife, it is contended that, in view of the agreement and the actual conduct of the parties, it is a legitimate conclusion that the employment contemplated the transportation of the deceased by his employer from the point in Price where he actually boarded the truck to and from his work. We think the validity of the award in question depends upon the latter contention being sustained. If the transportation embraced within the employment was from the section house to the place of work, the risks and hazards of going to the section house, unless special and peculiar, as in *Cudahy Co.* v. *Industrial Comm.*, 60 Utah, 161, 207 P. 148, 28 A. L. R. 1394, Id., 263 U. S. 418, 44 S. Ct. 153, 68 L. Ed. 366, 30 A. L. R. 532, and *Bountiful Brick Co.* v. *Industrial Comm.* (Utah) 251 P. 555, Id., 48 S. Ct. 221, 72 L. Ed.——, did not arise out of and were not incident to the employment. If, on the other hand, the employee lost his life by accident while being transported by his employer to his place of work pursuant to the terms and conditions of his employment, the risk of such accident was annexed to the employment, and the award should be sustained.

Upon the facts, we think it plain that the employment in the present case included the transportation of the employee by the employer only from the section house to and from his place of work. That was the limit of the employer's engagement both with the employee and the truck driver. Before arrival at the section house in the morning, neither were under the control or direction of the employer. The truck driver, in permitting the employee to ride with him on the truck to the section house, acted entirely on his own account and the employee was free to choose his own way of getting to the section house without any direction or control by his employer. We therefore attach no importance to the fact that the employer's foreman on previous occasions saw the employees riding on the truck to the section house and said nothing about it. We are led by the facts in this case to conclude that the relation or status of the

parties herein as employer and employee did not exist until the employee reported for duty at the section house.

It follows that there is no proof that the accident resulting in the employee's death arose out of or in the course of his employment, for which reason the award must be, and it is, annulled.

THURMAN, C. J., and STRAUP, HANSEN, and GIDEON, JJ., concur.