SARAH RIGGS, PETITIONER-PROSECUTOR, v. NEW YORK SHIPBUILDING CORPORATION, RESPONDENT-DEFENDANT.

Argued January 19, 1938—Decided February 16, 1938.

Before Justices BODINE, HEHER and PERSKIE.

For the prosecutor, *Joseph R. Moss (D. M. Stackhouse*, of counsel).

For the defendant, *Rocco Palese*.

The opinion of the court was delivered by

PERSKIE, J. This is a workmen's compensation case. The question is whether the accident may be said to have arisen out of and in the course of decedent's employment with respondent.

The proofs disclose that on October 1st, 1936, decedent traveled by bus to his work in respondent's plant. The bus

stopped immediately in front of the offices of respondent which were on the east side of a main street (Broadway) in Camden, New Jersey. The gate to the plant was on the west side of the same street. As decedent was crossing Broadway from east to west to enter the plant, he was struck by an automobile traveling in the same direction as did the bus from which he had alighted. As a result of the injuries sustained, decedent died and his widow sought compensation. The proofs further disclose that decedent had not, by reason of the accident, reported for duty; that he had, in fact, not passed through the gate in order to reach respondent's property; in short that, at the time of the accident, decedent was not upon his employer's premises. The deputy commissioner of the workmen's compensation bureau and the judge of the Camden County Court of Common Pleas dismissed the petition. Mr. Justice Lloyd denied an application for a writ of *certiorari*. Hence like application is now made to us.

We fail to discern any fairly debatable question in this case. We are of the opinion that the recent decision of our Court of Errors and Appeals in the case of *Gullo* v. *American Lead Pencil Co.*, 118 *N. J. L.* 445, is dispositive of the application.

Accordingly, the application for a writ of *certiorari* is denied, with costs.