OEFINGER et al. v. TEXAS EMPLOYERS' INS. ASS'N.

No. 15279.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 19, 1951.

Rehearing Denied Nov. 23, 1951.

Carter & Gallagher and R. G. Carter, and Ben T. Warder, Jr., all of Dallas, for appellant.

Burford, Ryburn, Hincks & Ford and Howard Jensen, all of Dallas, for appellee.

470

HALL, Chief Justice.

This workmen's compensation proceeding was tried to a district court of Dallas County, which rendered judgment in favor of appellee, Texas Employers' Insurance Association, and against appellants, Mrs. Nora F. Oefinger et al., who have appealed therefrom by submitting two points. They are:

1. "The trial court erred in rendering judgment in favor of defendant because the evidence shows that, as a matter of law, the accident in which the deceased sustained his fatal injuries occurred in the course of and arose out of his employment, for the reason that the weekend trips to Dallas, Texas, were incidental to his employment in Wichita Falls."

2. "The trial court erred in rendering judgment for the defendant because the evidence discloses that, as a matter of law, the accident in which the deceased sustained his fatal injuries, occurred in the course of and arose out of his employment, for the reason that the deceased, in going to Wichita Falls, was performing a special mission for his employer, Wichita Falls Compress Company. Therefore, each trip the deceased made from Dallas to Wichita Falls and return constituted a special mission for his employer."

A summary of the facts in this case discloses that Edward C. Oefinger was the husband and father respectively of appellants, Nora F. Oefinger and two adult children. Oefinger was for several years, immediately prior to his death, an employee of Eugene B. Smith and Company, Inc., as a bookkeeper with the Company's main office in Dallas; it had subsidiary compress companies located in and around the state of Texas and Oklahoma, one of which was situated at Wichita Falls, Texas. Said Wichita Falls Compress Company requested Eugene B. Smith and Company in Dallas to send them an experienced bookeeper and as a result Oefinger was sent to Wichita Falls to work in their office. The manager of that Company informed Oefinger that certain expenses incurred by him while away from home would be paid by Wichita Falls Compress Company. When Oefinger returned from his first trip home he told his superior that he was not charging for his bus fare to and from Dallas over the weekends and Mr. Rucker, the officer of the Company to whom he was talking, told him to add such item to his expense account and further informed Oefinger it would be all right for him to go home to Dallas every weekend. On his next trip home he charged the Company $5.81 for bus fare between the two cities, and it is undisputed that the Company would pay the inter-city bus fare for the trip on which he was fatally injured.

On the Saturday afternoon in which the employee met his untimely death, he left Wichita Falls about 3:30, arriving in Dallas at 7:05 P.M., and proceeded along the most direct route to his home on a streetcar. His home was about two blocks from the streetcar line, and it was in this area that his fatal injuries were received, after he had walked approximately one block, when he was struck by an on-coming automobile.

We are not called on to express an opinion upon the question of whether or not the injuries sustained by decedent would be compensable if they had been received between the City of Wichita Falls and Dallas, while the fare was to be paid by his employer.

Neither party cites us a Texas authority pertaining to the question before us, that is, is an employee's injuries compensable when sustained while on a private mission, wherein transportation was furnished by his employer for a portion of the distance traveled but such furnished transportation was terminated at the time of his injury?

Appellant relies upon such cases as Jones v. Texas Indemnity Insurance Co., Tex.Civ. App., 223 S.W.2d 286, writ refused; Cercy v. Traders and General Insurance Co., Tex. Civ.App., 142 S.W.2d 512. A cursory reading of these cases readily discloses that the facts and/or the holding of the court are not with appellant.

In determining whether or not a given accident is so intimately related to the employment as to come within coverage of the statute, each case must depend upon its

own particular facts and circumstances. The courts are to determine such facts by the rules laid down concerning similar cases; one of which is the general rule that an employee, while going to and from the place of work and his home, is not in the course of his employment, and injuries which a workman might receive while so engaged are not compensable. United States Fidelity and Guaranty Co. v. Flanagan, 134 Tex. 374, 136 S.W.2d 210. Among the few exceptions to this rule is the case where the transportation to and from work is being furnished by the employer as a part of the employment contract, such as laid down in the case of Texas Employers' Insurance Association v. Inge, 146 Tex. 347, 208 S.W.2d 867.

In most cases we have read, where it has been determined an employee's injury was covered by compensation when received during the time transportation was being furnished by the employer, the facts relate that such transportation was furnished because the travel so made was an incident to employment of the injured employee.

■ In the present case, the employee had already been employed by the Wichita Falls Compress Company before he was allowed to charge traveling expenses. Bus fare was to be paid by the Company as an accommodation to the employee in order that he might be with his family over the weekend. From time the employee left Wichita Falls until he arrived at home he was doing nothing that could be treated as incidental to an action connected with or in furtherance of his employer's business or orders.

Appellee cites the following cases dealing with factual situations where employees are injured after alighting from the transportation vehicle furnished by the employer and holding that the employee is not then acting in the course of his employment: Lincoln Traction Company v. Reason, 143 Neb. 512, 10 N.W.2d 344; Dellepiani v. Industrial Accident Commission, 211 Cal. 430, 295 P. 826; Denver & R. G. W. R. Co. v. Industrial Commission, 72 Utah 199, 269 P. 512, 62 A.L.R. 1436; Ogden Transit Co. v. Industrial Commission, 95 Utah 66, 79 P.2d 17; State Highway Commission v. Saylor, 252 Ky. 743, 68 S.W.2d 26.

The trial court in his findings of fact found that there was no contract between the employer and employee for the employer to pay any item of transportation for the deceased, except the inter-city bus fare from Wichita Falls to Dallas and return. The trial court further found that the injuries sustained by Oefinger did not arise out of his employment and he was not engaged in or about the furtherance of the affairs or business of his employer at the time he received his fatal injury.

■ We are without authority to disturb findings by a trier of the facts when such findings are supported by the evidence and within purview of the law.

Affirmed.