24 N.J. Super. 450 (1953)
94 A.2d 848
EZRA A. FENTON, PETITIONER-RESPONDENT,
v.
MARGATE BRIDGE COMPANY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 19, 1953.
Decided February 2, 1953.
*453 Before Judges EASTWOOD, BIGELOW and JAYNE.
Mr. Alexander K. Blatt argued the cause for the petitioner-respondent.
Mr. S.P. McCord, Jr., argued the cause for the respondent-appellant (Messrs. Starr, Summerill & Davis, attorneys; Mr. William F. Hyland, on the brief).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
In this workmen's compensation case the dispositive question is whether the employee's injuries were caused by an accident that arose out of and in the course of his employment. On May 11, 1951, at about three minutes before 4:00 P.M., the petitioner-respondent Ezra A. Fenton, employed by the respondent-appellant Margate Bridge Company as a bridge tender and toll collector, suffered injuries when, at or near the bridge entrance on Jerome Avenue, in an attempt to negotiate his automobile around a sharp turn in the highway, he discovered the brakes were ineffective. In an endeavor to bring his car under control, the overhang of his shoe pressed down on the accelerator, causing the automobile to gain increased momentum, whereupon he lost control of the car. It crashed through a guard rail at a point about three feet on the Margate bridge, and struck a pole on the boundary line of the bridge company's property and that of an unestablished owner. At the time Fenton was operating his privately owned automobile on his way to his place of employment, at which he was due at 4 o'clock.
The employer was the owner of the toll bridge and had constructed a garage for the convenience of its employees for the parking of their automobiles, wherein the petitioner *454 had customarily parked his car for some time prior to the accident.
The Compensation Bureau dismissed the petition on the ground that the accident did not arise out of and in the course of the employment. On appeal the County Court reversed, from which judgment the employer appeals.
The employer contends that the petitioner's injuries did not result from an accident arising out of and in the course of his employment and that the County Court erred in determining that the accident in question occurred on the bridge property of the respondent. The petitioner asserts that the employer did not, either in the proceedings before the Bureau or the County Court, raise any question as to where and when the injuries were sustained; that the only question the employer raised in the County Court was whether or not the injuries were compensable.
R.S. 34:15-7 provides "compensation for personal injuries to, or for the death of, such employee by accident arising out of and in the course of his employment * * * without regard to the negligence of the employer, * * *." In Bryant, Adm'x, v. Fissell, 84 N.J.L. 72 (Sup. Ct. 1913), we find this definition of "an accident" at pp. 75-76:
"* * * (a) an accident, (b) arising out of, and (c) in the course of, his employment. Even though the injury arose out of and in the course of the employment, if it be not an `accident,' within the purview of the act, there can be no recovery. * * * an `accident' is an unlooked for mishap or untoward event which is not expected or designed. * * *"
To establish a compensable injury by accident it must be proved that it not only arose out of the employment, but also in the course of the employment. "The fact that injury was suffered during the course of work does not per se entitle one to the benefits of that act. It must also appear that it arose out of the employment." Seiken v. Todd Dry Dock, Inc., 2 N.J. 469, 474 (1949). The compensation statute is a remedial law of prime import and should be liberally construed. Fisher v. Tidewater Building Co., 96 *455 N.J.L. 103, 105 (Sup. Ct. 1921), affirmed 97 N.J.L. 324 (E. & A. 1922); Sanders v. Jarka Corp., 1 N.J. 36 (1948). An accident arises out of the employment if in some manner it is reasonably incident to the employment. The injuries need not have been foreseen. It is sufficient if they flowed as a rational consequence from a risk connected with the employment. Sanders v. Jarka Corp., supra. If the employment is a contributing cause to the accident the statutory requirement is met. Newcomb v. Albertson, 85 N.J.L. 435 (Sup. Ct. 1914). The employment need not be the sole or proximate cause of the injury; it is sufficient if it is a necessary factor leading to the accident. Terlecki v. Strauss, 85 N.J.L. 454 (Sup. Ct. 1914), affirmed 86 N.J.L. 708 (E. & A. 1914).
"The hazards encountered by employees while going to or returning from their regular place of work, before reaching or after leaving the employer's premises, are not ordinarily incident to the employment, and for this reason injuries resulting from such hazards are in most instances held not to be compensable as arising out of and in the course of the employment. This general rule is subject, however, in most jurisdictions, to certain well-recognized exceptions which depend upon the nature, circumstances, and conditions of the particular employment, and the cause of the injury." 58 Am. Jur., Workmen's Compensation, sec. 217, pp. 723-724.
In re Paulauskis' Case, 126 Me. 32, 135 A. 824 (Me. Sup. Jud. Ct. 1927); Watson v. Grimm, 90 A.2d 180 (Md. Ct. App. 1952). See 10 NACCA Law Journal, Workmen's Compensation, pp. 93-95. If the employee is injured while passing, with the express or implied consent of the employer, to or from his work either by a way over the employer's premises, or by a way over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the injury is one arising out of and in the course of the employment. 58 Am. Jur., Workmen's Compensation, supra, illustrated by the cases of Voehl v. Indemnity Ins. Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 680 (1933); Zabriskie v. Erie R.R. Co., 86 N.J.L. 266 (E. & A. 1914); Boles v. Trenton Fire Clay, &c., Co., 102 N.J.L. 479 (Sup. *456 Ct. 1926), affirmed 103 N.J.L. 483 (E. & A. 1927); McCrae v. Eastern Aircraft, 137 N.J.L. 244 (Sup. Ct. 1948); Arrington v. Goldstein, 23 N.J. Super. 103 (App. Div. 1952); Garguilo v. Garguilo, 24 N.J. Super. 129 (App. Div. 1953). A turnpike or toll road is a public highway, established by public authority for public use, and is to be regarded as a public easement and not as private property, the acceptance by a corporation of a franchise to construct such a road and the operation thereof constituting a dedication of the same as a public highway. As in the case of any other public highway, it may be used by every one, subject, however, to the payment of toll, and may not be lawfully closed against use by the public. 54 Am. Jur., Turnpikes and Toll Roads, sec. 2, p. 494.
The employee argues that "all of the cases are in accord that if it was a necessary means of ingress or egress to the premises in question and the employee had reached his place of employment, the injuries he sustained were compensable." The employer contends that the causative factor of the accident was not incidental or peculiar to the petitioner's employment; therefore, the accident did not arise out of and in the course of the employment; that the accepted general rule is that compensation will not be awarded to a workman for injuries resulting from accidents happening while he is on his way to or from work and that the factual situation in the present case does not bring it within the recognized exceptions to the general rule; that the petitioner's duties as a toll collector, and the use of his automobile, are utterly unrelated; that "he could have used other means of transportation without affecting his duties in any sense"; that he had not yet entered upon his employment at the time of the accident, but was injured in negotiating a turn in the highway, being confronted with a condition not in any sense peculiar to his employment or a greater hazard to him in the fulfillment of his employment obligations than to the members of the general public likewise using the highway and the bridge.
*457 The record discloses that the two approach roads to the bridge connected two parallel highways and that at the place where the employee lost control of his car the road makes a 45 or 90 degree turn. The employee contends that the hazard was peculiar and abnormal to him, in that it was the only means of ingress and egress provided by the employer by which he could reach his place of employment where he could park his automobile in the employer's garage. The general rule is that if in the use of a public highway the hazard confronting an employee is no greater than that to which all users of a public highway are confronted, then injuries resulting from an accident suffered by an employee and caused partly, at least, by such a hazard, are not compensable. The employee here stresses the fact that the highway where the hazard is located and the bridge across which the employee was required to travel to reach the garage in question, were privately owned and operated by the employer. Such a toll road and bridge are considered to be public highways and the public may not be restrained from the use thereof if the required toll is tendered and paid. Therefore, we fail to see in the facts of this case that the hazard in question was any more peculiar or abnormal to him than it was to members of the public using it from time to time. The mere fact that the employee used the highway daily to reach his place of employment, does not impress us as creating a greater risk or hazard affecting him more peculiarly or abnormally than members of the general public as users thereof.
We are mindful of the New Jersey cases supporting the rule that if an employee suffers an accident and resulting injuries caused by the use of a means of ingress and egress to and from the place of employment, in connection with which there is a hazard or risk more or less immediately adjacent thereto, such accidents are considered to have risen out of and in the course of the employment and the injuries are, therefore, compensable. However, here the approach road where the hazard existed was not constructed *458 primarily for the use of the employees as a means of ingress and egress to their place of employment, but it was laid out, used and maintained for the primary purpose of inviting the general public to use the bridge company's facilities.
The employee contends that the accident occurred on the employer's property; that when he struck the guard rail and crashed through it, it was three or four feet on the bridge itself. That fact standing alone, is not sufficient to hold that the accident was caused by an incident of his employment or connected therewith. The hazard that led to the accident and the employee's injuries was approximately 30 feet from the bridge property itself. In view of the fact that the employee had not reached that part of the employer's premises where the garage was located for his use and that of other employees, this case does not come within the ambit of the rule that injuries resulting from an accident occurring at or adjacent to the employer's property and caused by the use of the means of ingress and egress provided by the employer, in connection with which some hazard or risk exists, are compensable. To reach his place of employment it was necessary for the employee to traverse the bridge to the far end thereof and then turn from the toll road into the private property of the employer, on which the garage was located. At the time and place of the accident, the employee had not reached the threshold or area of his employment.
In support of its holding that the injuries suffered by the employee are compensable, the County Court relied upon the cases of Popovich v. Atlantic Products Corp., 125 N.J.L. 533 (Sup. Ct. 1941); Reynolds v. Passaic Valley Sewerage Com'rs, 130 N.J.L. 437 (Sup. Ct. 1943); Zabriskie v. Erie R.R. Co., supra; Cossari v. L. Stein & Co., 1 N.J. Super. 39 (App. Div. 1948); and Cudahy Packing Co. of Nebraska v. Parramore, 263 U.S. 418, 44 S.Ct. 153, 68 L.Ed. 366 (1923). An examination of these cases indicates, however, that they are distinguishable from the case sub judice. In the Popovich case, the employee, at lunch time, when returning *459 from a room where a ping pong table was located and used during the lunch hour, with the knowledge and acquiescence of the employer, was injured when she ascended a customarily used back stairs at the top of which was a closed trap door, and when she attempted to push it up in order to climb through the opening she was injured by a fellow employee who was engaged in the game of ping pong and was retrieving a ball, who ran across the trap door which was being pushed up by the employee, causing the door to come down and strike the employee on the head causing injury. In the Zabriskie case, the employee was injured when, according to custom, he was going to the men's toilet room in the defendant's railroad station across Market Street. In crossing Market Street he was struck by an automobile and thrown or carried over onto the railroad tracks, where he was again struck by a train. In the Reynolds case, the employee, who was a watchman, was severely burned when he fell against a pot stove in a small shanty on the employer's premises and furnished by the employer to keep him warm in the winter, the accident happening during his hours of employment. In the Cossari case, the employee was injured when she fell on icy ground as she turned from a cobble stone driveway or alleyway beyond a building to enter the back door where she was employed, the driveway in question leading to other buildings beyond the mill premises and being used by the employees and other tenants in the mill premises and other persons. The court held that there was no occasion for the general public to use the driveway and it was satisfied that it was not so used. In the Cudahy case the court significantly commented that: "The railroad over which the way extended was not only immediately adjacent to the plant, but by means of switches was connected with it and in principle it was as though upon the actual premises of the employer." The employee was killed when riding to his place of employment in the automobile of another employee and the automobile having crossed over two of the railroad tracks, when upon the tracks of the Rio Grande, *460 was struck by an engine. The accident occurred about seven minutes before the duty of his employment was to begin.
Under the Workmen's Compensation Act each case must be determined upon the basis of the facts out of which the injuries flow and, as our courts have stated, there is no formula to which we can consistently adhere in determining the boundary line between employment and non-employment when considering the statutory language providing for compensation for injuries sustained by an accident arising out of and in the course of employment. In the case of Gullo v. American Lead Pencil Co., 119 N.J.L. 484, 487 (E. & A. 1938), wherein the employee fell upon ice on the sidewalk in front of her employer's factory, Mr. Justice Lloyd of the former Supreme Court, in commenting upon the Cudahy Packing Co. case, supra, stated:
"* * * The public highway as a means of approach to the Cudahy plant was the only approach and the one provided by the company. Not so here. The street was a public highway on which the public in general had the paramount right of user and this of course included the sidewalk. The property of the adjacent owner in the bed of the street, if such ownership existed, is subject to such use and in nowise created in that ownership a road or way peculiar to the employer, nor did it make the street a part of the premises for the purposes of its business. The highway was used by the adjoining owner exactly as every other member of the public might use it, and by no other right. The incidence of proximity can add nothing thereto."
See also Grady v. Nevins Church Press Co., 120 N.J.L. 351 (E. & A. 1938); Riggs v. New York Ship Building Corp., 197 A. 262 (Sup. Ct. 1938); Bryn v. Central R. Co., 114 N.J.L. 534 (Sup. Ct. 1935), affirmed 115 N.J.L. 508 (E. & A. 1935); Denver & R.G.W.R. Co. v. Industrial Commission, 72 Utah 199, 269 P. 512, 62 A.L.R. 1436 (Sup. Ct. 1928); Postal Telegraph Cable Co. v. Industrial Acci. Com., 1 Cal.2d 730, 37 P.2d 441, 96 A.L.R. 460 (Sup. Ct. en banc, 1934).
We recognize and approve the principle that the Compensation Act is to be liberally construed in favor of an injured *461 employee, but such liberal construction may not be extended to comprehend a case where, as here, the precise cause of the accident is not a hazard or risk incidental to the employment itself and where the hazard allegedly leading to the accident and consequent injuries existed on a public highway, the use of which was shared equally by the employee and the members of the general public.
The judgment of the County Court is reversed and the judgment of dismissal of the Compensation Bureau is reinstated, without costs.