George W. KEPLER, Appellant,

v.

TRANSAMERICA INSURANCE COMPANY (AMERICAN SURETY COMPANY OF NEW YORK), Appellee.

No. 14677.

Court of Civil Appeals of Texas.

San Antonio.

June 26, 1968.

Rehearing Denied July 31, 1968.

Jack Swisher, Houston, for appellant.

Sawtelle, Goode, Troilo, Davidson & Lieghton, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from a summary judgment rendered against George W. Kepler, appellant, in favor of Transamerica Insurance Company, appellee, in a workmen's compensation case, which judgment recites that the court having considered Transamerica's motion for summary judgment and Kepler's motion for dismissal of such motion, the affidavits in connection therewith, the pleadings on file in said cause, and the deposition of George W. Kepler, finds that there is an absence of a genuine issue of any material fact and that judgment as a matter of law should be rendered on behalf of Transamerica Insurance Company, and decrees that Kepler take nothing of Transamerica. Appellant sued both Transamerica Insurance Company and Havana Materials, Inc., in said cause, but the trial court, prior to the entry of the judgment herein complained of, granted a summary judgment in favor of Havana Materials, Inc., from which no appeal is prosecuted.

George W. Kepler and his son, Clint Kepler, operated a partnership known as Kepler & Kepler, which was engaged in the business of hauling road materials to build and maintain roads and highways. They owned several trucks which were used to haul road materials, and a Ford pick-up which was sometimes used to haul necessary equipment to keep the trucks running. Kepler & Kepler had, over a period of years, furnished such trucks, with drivers, to various road contractors in connection with road construction work, and had done work for Havana Materials, Inc., on several occasions. They had agreed to furnish their trucks and drivers to Havana Materials, Inc., in connection with a road construction project near Mission, Texas, which work was scheduled to begin on Monday, June 29, 1964.

Kepler & Kepler were paid by Havana on a basis of the amount of load hauled, either by the yard or the ton. Kepler & Kepler hired their own drivers and such drivers were paid $1.25 per hour for their work, including driving done by either of the partners. By an agreement with Havana, checks to such drivers were issued by Havana Materials, Inc., on the basis of time slips furnished to Havana by Kepler & Kepler, and the amount paid such drivers was deducted from the total amount due Kepler & Kepler for road materials hauled. Such drivers were listed on the employee rolls of Havana, which, according to Havana's president, was required by the State on road projects. It was the responsibility of Kepler & Kepler to maintain and repair their own trucks and they were supposed to keep them in good condition. Appellant was listed as a truck driver and did some work driving trucks, but his chief job was to maintain and repair the trucks. Appellant testified that he did not turn in time for his work in maintaining and repairing such trucks. Appellant had purchased a house trailer in Dallas, Texas, in 1964, which had been used by appellant and his wife as a place to live since that time. One of the bedrooms of such house trailer was used as a storage place for tools and parts for the trucks, and also as an office for the business records of Kepler & Kepler. The title of such trailer was in the name of appellant and his wife, although appellant contends that it was part of the part-

nership equipment of Kepler & Kepler. Shortly prior to the beginning of the job at Mission, Kepler & Kepler had worked on another job for Havana at New Braunfels, Texas, and appellant stated that they were told by Havana to have their equipment ready for the Mission job by Monday, June 29th, and that they could leave such equipment in Mission. The trucks were moved from New Braunfels to Mission. The house trailer was located at Big Wells, Texas, where it had been for several months. On Saturday, June 27, 1964, appellant and Clint Kepler started from Mission towards Big Wells to pick up the house trailer and take it to Mission, using a truck owned by Kepler & Kepler. Appellant drove part of the time and his son drove part of the time. While traveling on a road near Cotulla, Texas, and while the truck was being driven by Clint Kepler, an accident occurred in which appellant received serious injuries. Appellant testified that he was not told by Havana to go to Big Wells to pick up such trailer and, so far as he knew, Havana knew nothing about it. Appellant testified however, that Clint Kepler turned in time for that portion of the time appellant drove on the way to Big Wells and that a check in the amount of $54.00 which included such driving time, was issued to appellant by Havana.

█ Even if such check was issued by Havana, it was paid for out of funds of Kepler & Kepler and not of Havana. In any event, it has been held that the mere gratuitous furnishing of transportation by the employer to the employee as an accommodation, and not as an integral part of the contract of employment, does not bring the employee, when injured in the course of traveling on streets and highways within the protection of the Workmen's Compensation Act. American General Ins. Co. v. Coleman, 157 Tex. 377, 303 S.W.2d 370 (1957); Oefinger v. Texas Employers' Ins. Ass'n, 243 S.W.2d 469 (Tex.Civ.App.— Fort Worth 1951, writ ref'd). Appellant testified that the tools and parts stored in the trailer were used in repairing the partnership trucks and were necessary to keep the trucks properly repaired and maintained. However, on the New Braunfels job the trailer was located in Big Wells and the pick-up was used to store the tools.

Appellant presents two points of error: (1) The sole issue for consideration in this appeal is whether or not there exists a genuine issue as to appellant's having been acting within the course of his employment for Havana Materials, Inc., at the time he suffered these injuries made the basis of his complaint against appellee. Appellant's position being that such an issue does in fact exist and that the court below had no evidence upon which to base its contrary ruling. (2) That the lower court possessed insufficient evidence upon which to base the summary judgment rendered against appellant.

In our opinion, appellant is precluded from recovery under the holdings of our Supreme Court in Texas General Indemnity Co. v. Bottom, 365 S.W.2d 350 (1963), and Agricultural Ins. Co. v. Dryden, 398 S.W.2d 745 (1965). The Bottom case is strikingly similar to the case before us. In the Bottom case the deceased employee for whom death benefits were claimed under the workmen's compensation act, was employed as a truck driver by Safety Convoy Company which was engaged in delivering automobiles from the Ford assembly plant in Dallas to various points in Texas. Bottom owned the truck in which he was fatally injured and leased it to Safety. As compensation Bottom received sixty-five per cent of the gross freight billings which the truck hauled less driver's pay. The deduction for driver's pay was the same whether the truck was operated by the owner or by another employee. It was the responsibility of the truck owner to keep such truck repaired and maintained in a first-class operating condition. The driver was paid on a loaded mile basis. Bottom and his wife lived in Hillsboro, Texas, and he had bought the

truck in Hillsboro. It was his usual custom to have the truck repaired and serviced in Hillsboro. On the week-end of the accident, Bottom took his unloaded truck to Hillsboro, but on Sunday he decided to return to Dallas. While in Hillsboro, he had the truck greased, brakes adjusted, and the spark plugs cleaned. While returning to Dallas, Bottom was fatally injured in an accident when his truck overturned. The jury found that Bottom's fatal injuries were sustained in the course of his employment. The Supreme Court reversed the trial court's judgment in favor of plaintiff and rendered judgment in favor of the defendant, holding that there was no evidence to support the finding of the jury. The Supreme Court discussed, at some length, Art. 8309, Vernon's Ann. Civ.St.[1] and stated: "The requirements of this statute are not satisfied by proof that injury occurred while the claimant was engaged in or about the furtherance of his employer's affairs or business. He must also show that the injury was of a kind and character that had to do with and originated in the employer's work, trade, business or profession. See Smith v. Texas Employers' Ins. Ass'n, 129 Tex. 573, 105 S.W.2d 192; Texas Indemnity Ins. Co. v. Clark, 125 Tex. 96, 81 S.W.2d 67; Aetna Life Ins. Co. v. Burnett, Tex.Com. App., 283 S.W. 783."

The Court in discussing the effect of the amendment to Art. 8309, by adding sec. 1b in 1957, stated: "When the provisions of Section 1b are read in connection with those of Section 1 and our decisions construing and applying the same, we think the Legislature intended thereby to circumscribe the probative effect that might be given to the means of transportation or the purpose of the journey rather than

to enlarge the definition found in Section 1. * * * It is still necessary, therefore, for the claimant to show that the injury is of a kind and character that had to do with and originated in the work, business, trade or profession of his employer and was received while he was engaged in or about the furtherance of the affairs or business of the employer.

"Bottom was employed by Safety Convoy Company as a driver, and he had also leased his truck to the company. There is no evidence indicating that his enjoyment of either relationship was in any way dependent upon the other. It was his duty as lessor to keep the leased vehicle in proper condition, but the employment contract did not contemplate or require that he subject himself to road hazards for the purpose of maintaining trucks owned or leased by the company. * * * His fatal injuries did not have to do with and originate in the business of the employer as required by Article 8309."

In Agricultural Ins. Co. v. Dryden, supra, Dryden was employed as the foreman of a carpenter crew and when directed to do so was required as one of his duties to transport in his personal automobile from work site to home to work site certain power tools owned by his employer and used by the carpenter crew. It was necessary for Dryden to arrive at the work site fifteen or twenty minutes early in order to have the tools unloaded and ready for use by the carpenters at the time for them to commence their work. On the occasion of the accident, Dryden left his home about 5:15 a. m. for a new job site in Nederland, Texas. He was transporting the tools at the time and had left his home the required few minutes early. While on his way to work, he was injured

---

1. Section 1 of Art. 8309, Vernon's Ann. Civ.St., as material here, provides that "the term 'injury sustained in the course of employment,' as used in this Act, * * * shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

when his automobile turned over. The jury found that he was in the course of his employment at such time and entitled to workmen's compensation benefits. The Supreme Court held that Dryden was not in the course of his employment at the time of injury, and stated "that an injury occurring during transportation cannot be the basis of a claim that such was sustained in the course of employment, as required by Section 1 of Article 8309, unless one of the prerequisites enumerated in the first sentence of Section 1b is present." [2]

■ Assuming that appellant was employed as a truck driver for Havana, which is doubtful under the record in this case, there existed a dual relationship between appellant and Havana: (1) truck owner-lessor, (2) truck driver-employee. Appellant's trip to Big Wells was not made for any purpose related to his employment. His injuries did not have to do with and originate in the business of the employer as required under Art. 8309; they resulted from the hazards which he, as a member of the traveling public, encountered in making a trip as a truck owner-lessor, and such injuries were not sustained in the course of his employment with Havana. The trial court did not err in granting appellee's motion for summary judgment and decreeing that appellant take nothing.

The judgment of the trial court is affirmed.

2. Section 1b provides: "Unless transportation is furnished as a part of the contract of employment or is paid for by the employer, or unless the means of such transportation are under the control of the employer, or unless the employee is directed in his employment to proceed from one place to another place, such transportation shall not be the basis for a claim that an injury occurring during the course of such transportation is sustained in the course of employment. Travel by an employee in the furtherance of the affairs or business of his employer shall not be the basis for a claim that an injury occurring during the course of such travel is sustained in the course of employment, if said travel is also in furtherance of personal or private affairs of the employee, unless the trip to the place of occurrence of said injury would have been made even had there been no personal or private affairs of the employee to be furthered by said trip, and unless said trip would not have been made had there been no affairs or business of the employer to be furthered by said trip."