ANNA BRYN, PETITIONER-RESPONDENT, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, RESPONDENT-PROSECUTOR.

Submitted October 12, 1934—Decided March 27, 1935.

Before Justices Heher and Perskie.

For the respondent, *Archie Elkins.*

For the prosecutor, *William F. Hanlon (Charles E. Miller,* of counsel).

The opinion of the court was delivered by

Perskie, J. The question involved in this workmen's compensation case is: Did the accident, as a result of which the employe died, arise out of and in the course of his employment with the prosecutor? The bureau held that it did not. The Court of Common Pleas of Hudson county held that it did; in that it concluded that the widow was entitled to the benefits of the act and accordingly reversed the dismissal of the petition. In order to determine the propriety of the respective disposition by each tribunal, as aforesaid, it becomes necessary in this case to determine whether the deceased had the right to be at the place of the accident. The petitioner alleged, under question 16, where did the accident happen? "Lehigh Valley Railroad trestle, Johnson avenue, Jersey City." Prosecutor, respondent below, in answer to the same question, replied that the accident happened "on a railroad trestle in Jersey City, not the property of respondent." That respondent's answer is correct is not, as we understand it, in controversy.

The bureau in its determination of facts and rule for judgment, held as follows:

"That at the time of the accident petitioner's decedent had ceased to work and was on his way home. Two passages were available to him, one was an alleged short cut over the tracks of the Lehigh Valley Railroad Company which was reached after leaving the respondent's premises and walking along a dedicated public thoroughfare, *i. e.,* Communipaw avenue, Jersey City. The other way available to the decedent was to continue on the public street or streets of Jersey City until he had reached his home. It seems to me that to permit a recovery in a case of this kind where a decedent

chooses a dangerous route, and, in fact, trespasses upon a railroad owned by another than the respondent, although there was a perfectly safe way by which to reach his home, would be out of line with all the decisions on this question. The well recognized rule is that when an employe is injured while traveling to or from his place of work, has departed from or has not yet reached the employer's premises, and the means of conveyance is not furnished by the employer, the injury does not arise with the employment. *Bradbury's Workmen's Compensation* (3d ed.) 468, and the many cases cited.

"In *Hill* v. *Blair*, 138 *N. W. Rep.* 243, where an employe chose to travel along a railroad whereas he could have gone by a more safe route, it was held not compensable.

"In the Bell case, 130 *N. W. Rep.* 67, two ways of egress were open, one along the right-of-way which employe chose of his own volition and this case was held not to be compensable.

"In the case of *Fox* v. *Rees & Kirby, Ltd.*, 15 *W. C. C. A.* 243, the court denied compensation, holding in part that by walking along the railroad track while there were two less hazardous paths, the employe added peril to the employment.

"In *Anderson* v. *B. & L. R. Co.*, 250 *Ill. App.* 92, it was held that where an employe chooses his own route to go home and is struck upon a railroad right of way, compensation will be denied.

"In *Hoteling* v. *Standard Oil Co.*, 6 *N. Y. St. Dep. Rep.* 308, compensation was denied to an employe who, having completed his day's work, left for home and instead of using the private road he started to walk north on a railroad track when he was struck by a train and killed.

"My own [Referee John C. Wegner] view is that when an employe after working hours, selects a means of reaching home by a short cut for his own personal convenience rather than take the safer course which is open to him, the hazard he encounters on the short cut should not be construed to be within the contemplation of the employer and I will, therefore, grant the motion to dismiss the petition."

The Court of Common Pleas, on the other hand, held that the employe used the route as described, for many years, "in accordance with his apparent custom;" that this particular means of egress and ingress by the decedent and other employes of the respondent, and the use of the trestle which was known as the "interchange" by the respondent to interchange its cars with other railroads, was such a means of exit, which, at the time of the accident, the decedent was using and which he had used uninterruptedly for a period of eighteen years, which proof was fully corroborated and which appeared at the end of petitioner's case; and the court being of the opinion that such proof was sufficient to show that the petitioner and her children were entitled to the benefits of the New Jersey Workmen's Compensation act and that the dismissal of the petition * * * was legally erroneous and * * * should be reversed."

The prosecutor relies entirely upon the Court of Errors and Appeals case of *Gilroy* v. *Standard Oil Co.*, 107 *N. J. L.* 170; 151 *Atl. Rep.* 598. In the cited case it was held:

"* * * The accident did not occur in the course of the plaintiff's employment for he had ceased the work for which he was employed before the accident and had left the premises of the defendant and was proceeding on his way home. Counsel for the defendant refers to a number of cases in his contention that the common law courts had no jurisdiction over this case. They refer especially to the case of *Bolos* v. *Trenton Fire Clay, &c., Co.*, 102 *N. J. L.* 479, which was affirmed by this court on the opinion below in 103 *Id.* 483. The case referred to is entirely different in its legal aspect from the case before us here. In the Bolos case the employe during the noon hour was eating his lunch in a barn on the employer's property. Just after he had finished his lunch the factory whistle blew recalling all the employes to their work. The barn in which Bolos was at that time was near the company's garage, in which garage the company kept its trucks. As Bolos started back upon the blowing of the whistle to another part of the premises where he was working, one of the employer's trucks came from the garage near the barn

and he jumped on the running board to ride a few hundred feet to that part of the factory where his work was carried on. The truck traveled over a public road from the garage to the entrance into the employer's property. As it turned into this entrance from the public road Bolos fell off and was injured. Bolos was still in the course of his employment. He was going from one part of his employer's plant to another for the purpose of resuming his work. Consequently the Bolos case came within the Workmen's Compensation act. There are a number of other cases cited by defendant's counsel on this point, such as *Terlecki* v. *Straus*, 86 *Id.* 706, and *Zabriskie* v. *Erie Railroad Co.*, *Ibid.* 266. In these cases the employe was either still in the course of his employment or had not left the premises of the employer and are not controlling in the case under review."

Respondent seeks to distinguish this case from the cited case on the ground that "the route used [by deceased] was immediately adjacent to the plant of respondent." (Prosecutor herein.) The argument advanced is that the close proximity and relation of the premises, where the employe was injured, was such as to be in practical effect a part of the employer's premises; and the user of such premises with the express or implied consent of the employer makes the accident compensable.

This argument is predicated on a line of cases of which *Cudahy Co.* v. *Parramore*, 263 *U. S.* 418; 68 *L. Ed.* 366, and *Bountiful Brick Co.* v. *Giles*, 276 *U. S.* 154; 72 *L. Ed.* 507, are typical. In the last cited case the Supreme Court of the United States, by Mr. Justice Sutherland (72 *L. Ed.* 509), said:

"* * * And employment includes not only the actual doing of the work, but a reasonable margin of time and space necessary to be used in passing to and from the place where the work is to be done. If the employe be injured while passing, with the express or implied consent of the employer, to or from his work by a way over the employer's premises, or over those of another in such proximity and relation as to be in practical effect a part of the employer's premises, the

injury is one arising out of and in the course of the employment as much as though it had happened while the employe was engaged in his work at the place of its performance. In other words, the employment may begin in point of time before the work is entered upon and in point of space before the place where the work is to be done is reached. Probably, as a general rule, employment may be said to begin when the employe reaches the entrance to the employer's premises where the work is to be done; but it is clear that in some cases the rule extends to include adjacent premises used by the employe as a means of ingress and egress with the express or implied consent of the employer. *Ibid,* 426. And see generally, *Procaccino* v. *E. Horton & Sons,* 95 *Conn.* 408; 111 *Atl. Rep.* 594; *Merlino* v. *Connecticut Quarries Co..* 93 *Conn.* 57; 104 *Atl. Rep.* 396; *Corvi* v. *Stiles & R. Brick Co.,* 103 *Conn.* 449; 130 *Atl. Rep.* 674; *Starr Piano Co.* v. *Industrial Accident Commission,* 181 *Cal.* 433, 436, 438; 184 *Pac. Rep.* 860; *Sundine's Case,* 218 *Mass.* 1; 4 *L. R. A.* 1916 A, 318; 105 *N. E. Rep.* 433; 5 *N. C. C. A.* 616."

Whether the liability of the employer towards the employe, as thus expressed, is extended beyond that stated in the case of *Gilroy* v. *Standard Oil Co., supra,* is, of course, not to be determined by this court. The proofs, in the instant case, do not, as we shall point out, bring the instant case within principles of law as stated in the federal cases aforesaid.

We do, however, think that it is accurate to say that the place of the accident must be, where the employe, under his contract of employment with his employer, had the express or implied right to be. And what the employe's rights are in a given case depend entirely upon the particular facts of each case. What are the facts in the instant case, on this point? The employe, as already stated, after leaving his employer's premises, proceeded along a nearby public highway for some distance before leaving it to make the short cut across the premises of the railroad and which were not adjacent to those of the employer.

Moreover, the proofs utterly fail to support the conclusion reached by the Common Pleas Court that the employe used

the route described "in accordance with his apparent custom and from which user there could be spelled out an implied authority on the part of the employer for his [employe] so doing."

On the contrary the bureau properly points out that:

"While it was alleged that it was customary for men who lived in the neighborhood of the deceased to go home by way of the Lehigh Valley Railroad tracks, one witness called by the petitioner testified he lived on the same street as decedent for four years and had only used this short cut three or four times. While it was attempted to be shown by another witness that the short cut was used every day as a general practice, cross-examination of the same witness disclosed that while eight hundred men worked in the shop and left about the same time, *only three, the two witnesses,* and the decedent, were on the Lehigh Valley Railroad trestle at the time decedent was struck. The premises were reviewed by me in the presence of both counsel."

The judgment of the Common Pleas Court is, therefore, reversed, and the judgment of the bureau is affirmed, with costs.