MARY MANNERING'S (dependents') CASE.

Suffolk.   April 3, 1935. — April 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Workmen's Compensation Act,* Injuries to which act applies.   *Way,*
Private.

In proceedings under the workmen's compensation act, a finding that an
injury sustained by one employed as a cleaner on an upper floor of a
building owned by his employer arose out of and in the course of his
employment was warranted on evidence that on the day of his injury
his work was performed in part in a portion of that floor located over a
small piece of land to which was appurtenant the right to use an adja-
cent private passageway; that the employer had that right, although
he did not own the fee in the passageway; that the employee, with the
sanction of the employer, customarily used the passageway in going to
and from work; and that his injury resulted from falling on snow or
ice in the passageway as he was leaving the employer's premises at the
conclusion of his work for the day.
It *was stated* that one who has a right of way appurtenant to one lot of his
land cannot lawfully use the way to reach another lot of his to which
that right is not appurtenant.

CERTIFICATION to the Superior Court under the provi-
sions of the workmen's compensation act of a decision by
the Industrial Accident Board awarding compensation.

Material evidence and findings by the board are stated
in the opinion.   By order of *Brogna,* J., a decree in accord-
ance with the board's decision was entered.   The insurer
appealed.

*F. J. Hansberry,* for the insurer.

*F. J. Linehan, Jr.,* for the claimants.

RUGG, C.J.   This is a petition for compensation by the de-
pendents of Mary Mannering, deceased.   The findings were
to the effect that the decedent was employed as a cleaner in
the building owned by her employer, the American Congre-
gational Association, at No. 14 Beacon Street in Boston
and covering a considerable area; that the rear portion of
the building stood on a parcel of land containing about

eight hundred thirty-nine square feet; that there was appurtenant to this latter parcel a passageway extending to Park Street; that the employer had the right to use this passageway for all purposes; that the decedent worked daily and on the day of her injury on the fifth floor of the employer's building, including that part located on said parcel; that there was a side exit from the portion of the building located on said parcel which was used by the employee customarily and on the day of her injury to reach and to leave her place of employment; that she received a personal injury arising out of and in the course of her employment, at the conclusion of her work for the day and as she was leaving the premises, by falling on snow or ice in this private passageway and sustaining injuries from which her death ensued. There was uncontradicted evidence to the effect that, on the day of her injuries, her work of cleaning was performed by the decedent on the fifth floor of the building; that a portion of that floor where she worked was over the parcel of land to which the right of way was appurtenant and that the use of the passageway by the decedent and other employees to reach and depart from their employment was sanctioned by her employer. It was agreed by the parties that the employer did not own the underlying fee of the passageway but had a right of way in it, and that the employee was a licensee and not a trespasser, and that, if she worked in any portion of the building on land which enjoyed rights of passageway, she had the benefit and enjoyment of those rights.

There was a further finding that this passageway was the reasonable and customary way for the decedent to leave the place of her employment to go home, and that she had the right to use the passageway at the time of her injury. This finding means, in the light of the other facts, that on the day in question the decedent had been working as an employee on the portion of the fifth floor of the building over the parcel of land to which the passageway was appurtenant. That was a permissible inference from the evidence of the superintendent of the building where the deceased worked. He testified that she worked as cleaner on

the fifth floor of the building, that her job was confined to that floor, that the fifth floor covered the area of about eight hundred thirty-nine square feet to which the right of way was appurtenant, and that there were certain sections of that floor which she did not have to touch. The other evidence need not be narrated in detail.

The only contention argued by the insurer is that the burden of proving that the deceased sustained an injury arising out of and in the course of her employment has not been sustained.

It is plain that the employer had a right to use the passageway on which the deceased was injured and that she used it as a means of reaching and leaving her work constantly with the consent and approval, if not by the direction, of her employer. It appears to have been a private and not a public passageway.

There is no hard and fast rule to determine when employment begins and ends. It has been held that, for purposes of compensation, the employee is within the scope of his employment while making his exit from the employer's premises at the end of his period of work, either on land of the employer or by stairs over which he has a right of passage. *Stacy's Case*, 225 Mass. 174. *O'Brien's Case*, 228 Mass. 380. *Sundine's Case*, 218 Mass. 1. *Hallett's Case*, 232 Mass. 49. *White* v. *E. T. Slattery Co.* 236 Mass. 28, 34. On the other hand, where the contract of employment does not provide transportation of the employee and the employee uses public ways or private property over which the employer has no right of passage, the employee ceases to be within the scope of his employment when he leaves the premises of the employer. *Fumiciello's Case*, 219 Mass. 488. *Bell's Case*, 238 Mass. 46. *White* v. *Checker Taxi Co.* 284 Mass. 73, 75. *Chernick's Case*, 286 Mass. 168, 172.

The deceased at the time of her injury was using in the right of her employer a private way on which she otherwise could not properly be. It was agreed that she was therefore a licensee and not a trespasser. There was evidence to support the finding to the effect that the decedent had

worked on the day of her injury in the portion of the building over the parcel of land to which the right of way was appurtenant. She therefore was justified in using it. Since her employer had a right of passage over the way, the privilege could be conferred upon the decedent to use it. In this respect there is no distinction between ownership of the fee of the passageway and the right of passage over it.

One who has a right of way appurtenant to a specified lot of land cannot lawfully use it to reach another parcel owned by him to which it is not appurtenant. *Davenport* v. *Lamson*, 21 Pick. 72. *Greene* v. *Canny*, 137 Mass. 64. *Randall* v. *Grant*, 210 Mass. 302. That principle is not applicable to the case at bar because, as already pointed out, the deceased had worked on the day of her injury on the real estate to which the right of way was appurtenant. The circumstance that she may also have worked in other parts of the building did not debar her from using the passageway.

The finding that the deceased received an injury arising out of and in the course of her employment cannot be pronounced to be without support in the evidence.

*Decree affirmed.*