[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 41 
This matter is before the court pursuant to a writ ofcertiorari allowed by the former Supreme Court to review a judgment of the Passaic County Court of Common Pleas affirming an award by the Workmen's Compensation Bureau in favor of the petitioner.
On January 25, 1946, petitioner, Catherine Cossari, was in the employ of the appellant, L. Stein Co., a clothing manufacturer. Her employer was a tenant in the mill premises located at 8 Morris Street, Paterson, New Jersey, and maintained his place of business on the fourth floor. On January 25, 1946, which was a stormy day, petitioner was due for work *Page 42 
at 8 a.m. and arrived in front of the mill premises at about 7:45 a.m. She tried to enter the front door but found it locked. This was not unusual in bad weather and in such instances the employees customarily entered through a back door. In order to reach the back door it was necessary for the petitioner to leave the sidewalk in front of the premises, walk on a cobblestone driveway or alleyway alongside the building and then turn to where the back door was located. At the beginning of the driveway there was a large iron entrance gate which was attached to and, when open, placed directly alongside the building. Petitioner, after having walked along the driveway turned to enter the back door and fell on the icy ground. The Bureau's award in favor of the petitioner was for the injuries resulting from this fall and the appellant, although denying liability on the ground that the accident did not arise out of and in the course of her employment, does not question the quantum of the award.
The evidence established that the driveway led to other buildings beyond the mill premises and was used by the employees of the appellant and other tenants in the mill premises as well as by other persons, such as deliverymen, having business in the mill premises or in the other buildings. There was no occasion for the general public to use the driveway and we are satisfied that it was not so used.
In Popovich v. Atlantic Products Corp., 125 N.J. Law 533,535 (Sup.Ct. 1941) the principles with respect to the applicability of the Workmen's Compensation Act to employees on their way to or from work, were succinctly expressed as follows:
"As we understand our cases, the general rule is that where the employe is simply on his way to work and has not entered the employer's premises, or has undertaken to enter those premises by an unauthorized route, he is not yet in the course of his employment; and, conversely, where the employe has left the employer's premises, the course of employment has ceased for the time being; but where the employe is actually in the process of entering the premises at a proper time and in a proper manner in connection with his work and an accident occurs under those circumstances, it arises in the course of the employment." *Page 43 
Thus, in Gullo v. American Lead Pencil Co., 119 N.J. Law 484(E. A. 1938), the court held that an accident which occurred on the public sidewalk in front of the employer's factory was not compensable pointing out that the "street was a public highway on which the public in general had the paramount right of user and this of course included the sidewalk." See alsoGrady v. Nevins Church Press Co., 120 N.J. Law 351 (E. A.
1938). On the other hand in Essex County Country Club v.Chapman, 113 N.J. Law 182, 184 (Sup.Ct. 1934) where an employee was injured on his way to work while proceeding along a driveway within the employer's premises, the allowance of compensation was sustained. The fact that under these circumstances the accident occurred shortly prior to the hour for reporting for work is immaterial. See Grady v. Nevins ChurchPress Co., supra, at p. 355; Terlecki v. Strauss,85 N.J. Law 454 (Sup.Ct. 1914) affirmed 86 N.J. Law 708 (E. A. 1914).
We have concluded that the case before us does not fall within the rule of the Gullo decision, but falls rather within that group of cases which allows compensation where the employee has left the public highway and is entering his employer's premises through a proper means of ingress so closely related to the place of employment that it may be deemed incidental thereto. SeeBolos v. Trenton Fire Clay and Porcelain Co.,102 N.J. Law 479, at p. 483 (Sup.Ct. 1926), affirmed 103 N.J. Law 483(E. A. 1927); Bountiful Brick Co. v. Giles, 276 U.S. 154,158, 72 L.Ed. 507, 509 (1928); In Re Vincent C. Leatham,289 N.Y. 804, 47 N.E. (2d) 51 (1943); Cohn v.Morningstar Nicol, 265 App. Div. 579, 41 N.Y.S. (2d) 466 (1943); Mannerings Case, 290 Mass. 517, 195 N.E. 757
(1935); Dougherty v. Bernstein Son, 160 Pa. Super. 587,52 Atl. (2d) 370 (1947); Northumbrian Shipping Co., Ltd.v. McCullum, 25 B.W.C.C. 284, 301 (H. of L. 1932). In theGullo case the court rested its decision largely on the ground that the place of the accident was not the approach provided by the employer but was a public highway on which the general public had the paramount right of user. In the case before *Page 44 
us the place of the accident was not such public highway; on the contrary, it was a driveway not available for use by the public generally, but available as a means of ingress and egress to those employed at or properly entering its adjacent buildings. Compare the decision by the Supreme Judicial Court of Massachusetts in Mannerings Case, sustaining an award where the accident occurred on a private way not owned by the employer but available, as here, to his employees and located between the public sidewalk and the building entrance, with the decision inDougherty v. Bernstein Son, supra, where the Superior Court of Pennsylvania went further than we need here and sustained a compensation award where the accident occurred along a strip of land, reserved to the owner of the building but actually used by the general public as well as persons employed in the building, and located between the public sidewalk and the building entrance.
In In Re Vincent C. Leatham, supra, the New York Court of Appeals affirmed, without opinion, an award of compensation to a claimant who, while seeking to enter his place of employment from the public highway, found his way blocked by a truck which had backed up against a loading platform, and was injured while climbing through the truck to enter the building. Similarly inCohn v. Morningstar Nicol, supra, the New York Appellate Division sustained an award of compensation where the employee was injured while mounting a step at the front entrance of the employer's premises, pointing out that the "claimant's employment required that she mount the steps and this act was a risk incidental to the particular premises in which claiman was employed and was not one to which pedestrians on the sidewalk generally were exposed." In the Bountiful Brick Co. casesupra, the United States Supreme Court, in dealing with the issue as to when the relation between employer and employee may properly be said to have begun within the contemplation of Workmen's Compensation Acts, said:
"* * * Probably, as a general rule, employment may be said to begin when the employee reaches the entrance to the employer's premises where the work is to be done; but it is clear that in some cases the rule extends to include adjacent premises used by the employee as *Page 45 
a means of ingress and egress with the express or implied consent of the employer. Id., p. 426. And see generally, Procaccino v.E. Horton Sons, 95 Conn. 408, 111 Atl. 594; Merlino v.Connecticut Quarries Co., 93 Conn. 57, 104 Atl. 396; Corviv. Stiles R. Brick Co., 103 Conn. 449, 130 Atl. 674;Starr Piano Co. v. Industrial Acci. Commission, 181 Cal. 433,436-438, 184 Pac. 860; Sundine's Case, 218 Mass. 1, 4,L.R.A. 1916A, 318, 105 N.E. 433, 5 N.C.C.A. 616."
There is no occasion for us to attempt to define the precise line to be drawn in determining when an employee ceases to become a member of the general public traveling along the public highway to work and becomes an employee entering his employer's premises for purposes of the Workmen's Compensation Act. It is sufficient for us to hold, as we do, that within the cited authorities and under the particular facts presented, the petitioner was well within the latter class and that the accident arose out of and in the course of her employment. Any narrower interpretation, in the language of Lehigh Navigation Coal Co. v. McGonnell,120 N.J. Law 428, at p. 431 (Sup.Ct. 1938) affirmed121 N.J. Law 583 (E. A. 1939), "would not be a liberal construction of a remedial statute; but a reversion to the injustices which resulted in the enactment of the Workmen's Compensation law which the courts have heretofore liberally construed."
The judgment below is affirmed.