This is an appeal from a judgment entered in the Bergen County Court sustaining an award by the Workmen's Compensation Bureau in favor of the petitioner.
The petitioner Wanda Basinski was employed at its Lyndhurst plant by the appellant Detroit Steel Corporation. The plant is one of several located within a thirty acre tract of land owned by the Delaware Lackawanna and Western Railroad Company and originally used for railroad purposes. The area is traversed by numerous railroad sidings used in the operation of plants occupied by ten different companies under leases from the railroad.
The petitioner testified that the area is enclosed by a wooden or wire fence; that there are two entrance and exit ways, one of which may conveniently be designated as Schuyler Avenue and the other as Marren Avenue; that the Schuyler Avenue way is used by trucks and other vehicles as well as pedestrians, has no sidewalk and leads from the appellant's plant directly to the public highway; and that the Marren Avenue way includes a short gravel or dirt path from the appellant's plant to a nearby sidewalk, and a dirt roadway from the other end of the sidewalk to the Marren Avenue exit. She further testified that she had been employed by the appellant for 2 1/2 to 3 years; that on her way home from work she customarily used the Marren Avenue way as did many other employees; that there were no signs whatever indicating what passageway should be used to and from work and that no one had ever spoken to her about the subject; that the only sidewalk in the area was the one which constituted part of the Marren Avenue way; and that she believed that passageway to be safer and shorter than the Schuyler Avenue way. Mrs. Patterson, who has lived near the railroad property all her life and who was employed by the appellant until March, 1946, testified that the Marren Avenue way "was always used as an entrance and *Page 41 
exit". She estimated that 50% of the employees used it in preference to the Schuyler Avenue way which she described as "too dangerous" because of its use by trucks.
The only witness produced by the appellant was the real estate and tax agent for the Delaware Lackawanna and Western Railroad Company. He testified that the lease between the railroad and the appellant Detroit Steel Corporation provided that the Schuyler Avenue way would be available for ingress and egress and that he knew of no other means. He denied that the fence encircled the entire area although he conceded that there was fencing at the Schuyler Avenue entrance and at the Marren Avenue entrance which he described as "just a private driveway". Photographs were introduced in evidence which portrayed the area and disclosed railroad tracks crossing both the Schuyler Avenue and Marren Avenue passageways.
On November 26, 1946, the petitioner had left the plant building of the appellant Detroit Steel Corporation for home via the Marren Avenue way and before reaching the exit at the public highway she tripped over a railroad switch, fell and sustained permanent injury. She duly filed her claim in the Workmen's Compensation Bureau and received an award which was affirmed by the County Court. The appellant does not dispute the amount of the award and acknowledges that if the petitioner had been injured while traveling home from work along the Schuyler Avenue passageway but before reaching the public highway, she would be entitled to her award. It contends, however, that her use of the Marren Avenue way was unauthorized and that her accident while traveling thereon did not arise out of and in the course of her employment.
The testimony was sufficient to establish that the Marren Avenue way had been used openly and continually by the petitioner and other employees over a long period of time and that no objection whatever had been voiced. There is no suggestion that the provisions of the lease between the railroad and the appellant were ever brought to the attention of any employee or that there were any signs or markings directing the use of *Page 42 
the Schuyler Avenue way rather than the Marren Avenue way. The absence of any sidewalk along the Schuyler Avenue way, its frequent use by trucks and other vehicles and its direct entry into the highway, supported the employee's belief that the Marren Avenue way was safer. In sum, there was ample evidence from which the two lower tribunals properly concluded that the employee had not reached the public highway; that although she had left the employer's plant building for home she was on adjacent premises used by her with the implied consent of her employer, as a safer and shorter means of ingress and egress than the only other means available; and that her means of ingress and egress may be deemed incidental to her place of employment and the accident thereat compensable within our Workmen's Compensation Act.
Since the controlling principles and authorities in petitioner's favor are set forth in our recent case of Cossariv. L. Stein Co., 1 N.J. Super. 39, 62 A.2d 143 (App.Div. 1948) they need not be restated here. We find that the accident arose out of and in the course of her employment and accordingly, the judgment of the County Court sustaining the Bureau's award is affirmed.