Strafford,
No. 4915.

U. S. FIDELITY & GUARANTY COMPANY & a.

*v.*

EVELYN C. GAGNE.

Argued September 6, 1961.
Decided October 27, 1961.

422

*Charles F. Hartnett* (by brief and orally), for the defendant companies.

*Robert A. Carignan* and *Fisher, Parsons & Moran* (*Mr. Moran* orally), for the plaintiff.

DUNCAN, J. The defendants seek a decree in their favor as a matter of law upon the ground that the evidence did not warrant a finding and ruling that the employee's injury arose out of and in the course of her employment; because she failed to give notice in accordance with the statute; because the evidence was insufficient to support either the finding of total disability for the period in question or the finding that the disability was caused by the injury.

The undisputed evidence was that in order to reach her place of employment the plaintiff was required to leave the public sidewalk, proceed down some steps, along a pathway, over some railroad tracks and a canal bridge, across or along a private parking lot, and up one or more steps at the entrance to the factory. On February 7, 1956, the plaintiff was on her way to work at a quarter to seven in the morning. The route from the street to the factory was icy because of sleet and freezing rain. The plaintiff fell as she descended some steps before reaching the parking lot, and struck her head and arms, cutting her hand. She fell a second time as she entered the factory building, striking the tip of her spine in "a hard fall." There

was evidence that she immediately gave notice of the injury to her hand, receiving first aid treatment, and that she thereafter remained at work during the regular hours for a period extending to July 25, 1956, when she stopped work because of pain which she was suffering in her back. It further appeared that during this period of employment she received unemployment compensation for a four-week period when she was laid off because work was slack.

The evidence warranted the finding and ruling that the plaintiff's injuries arose out of and in the course of her employment. *Gallienne* v. *Company*, 88 N. H. 375. The circumstances are distinct from those presented in *Brousseau* v. *Blackstone Mills*, 100 N. H. 493 relied upon by the plaintiff, where the employee was injured on a public sidewalk on her way to work. In the case at bar the plaintiff was utilizing the usual and expected means of access from the public street to her employment, and was injured upon property adjoining her place of employment and findably at the entrance to the employer's premises. She encountered the hazard because of her employment, and her entry to her place of employment was clearly an activity which was in the course of her employment. The place of injury was "adjacent to the [employer's] premises and therefore identified with the premises in the sense that the employer should have removed the ice" or taken other appropriate precaution. 1 Larson, Workmen's Compensation, s. 15.22; *Brousseau* v. *Blackstone Mills, supra*, 496.

The defendants complain that the evidence was insufficient to warrant a finding that the arthritic condition which produced the plaintiff's disability was caused by the injury. On this issue the plaintiff's attending physician testified that she was suffering from a generalized arthritic condition which in his opinion "must have triggered off from that accident, and gradually flared up and spread over the entire body." He also testified that the trauma of the two falls had "quite a bearing on it as a probable cause" of the "flare up" of the arthritis. The evidence as a whole warranted a finding that the employee's arthritic condition was caused or aggravated by the falls and that it incapacitated her from performing any gainful employment. RSA 281:23. *Bolduc* v. *Company*, 96 N. H. 235.

The issue of notice requires no extended consideration. The plaintiff gave notice of her injury in writing immediately after it happened. If in fact she did not give notice of injury to her spine at that time, full notice was given seven to ten days later and before

she terminated her employment. RSA 281:16-18 (supp). A report from her employer to the Labor Commissioner under date of February 17, 1956 indicated its knowledge at that time of an injury to the employee's back. The fact that a duplicate original notice signed by the employee was received by the Labor Commissioner more than a year after the injury does not in this case entitle the employer to rely upon the statutory provision that "claim shall be barred . . . unless said notice is given to the *employer* within one year from the date of the accident." RSA 281:17 (supp). (Emphasis supplied). No evidence of prejudice arising out of any defect in notice was offered by the defendants, and the master expressly found that the employer was not prejudiced by any claimed deficiency of notice. *Bolduc* v. *Company,* 97 N. H. 360.

Parenthetically it may be noted that since *Davis* v. *Manchester,* 100 N. H. 335, was decided the word "injury" has been substituted by amendment for the word "accident" in certain provisions of RSA 281:16 and 18 (supp). Laws 1957, c. 187, ss. 7, 9. However the one-year limitation fixed by section 17 as running "from the date of the accident" remains unaltered, despite its potential for injustice to the employee in cases of delayed manifestation of an injury. *Davis* v. *Manchester, supra,* 340, 342. 2 Larson, *supra,* ss. 78.42(b)-78.42(e).

The defendants further complain that there was "no adequate evidence of the extent or duration of the disability . . . or the periods covered by any alleged disability," and no evidence that the employee was disabled from performing any gainful work.

While there was no direct testimony that there was no gainful occupation in which the employee could engage during the period of her disability, the evidence was such as to warrant the master in so finding in the exercise of the discretion conferred by the act. *Kacavisti* v. *Sprague Electric Co.,* 102 N. H. 266, 270. *Dunbar Fuel Co.* v. *Cassidy,* 100 N. H. 397, 403. There was no evidence of any employment which she might be capable of carrying on in her arthritic condition, and the medical testimony warranted a finding that her condition would prevent her from holding employment in any field in which she might otherwise be qualified.

The defendants point to certain testimony by the plaintiff's attending physician that she had been "more or less incapacitated," and that she was "incapacitated . . . from work . . . at times," as an indication that the evidence was vague and speculative. The quoted testimony however was consistent with the physician's

explanation that during her pregnancy and for a time after her delivery in March 1959, the plaintiff "was considerably better" because "her arthritis amazingly enough improved considerably during that period." There was no indication that this temporary improvement was such as to permit resumption of employment. By granting the defendants' request to the effect that "in passing on the question of disability the court must take into account . . . the employee's . . . having had a baby in 1959," the master impliedly found that this did not materially affect her total disability. There was no evidence to compel a contrary conclusion, or to require that the employer be relieved from the payment of compensation during this indefinite and temporary period.

The master recommended that medical benefits be extended beyond the first ninety days for a period from December 11, 1958 to April 21, 1960 (RSA 281:21) and his recommendation was embodied in the decree. The employee's request for extension of the period for medical benefits was filed on December 11, 1958 and granted after hearing by the Labor Commissioner. In passing upon this issue the Superior Court acts in an appellate capacity. The defendants contend that the master's ruling should be vacated because there is no "indication that the Master or Court passed on the issue of whether the Commissioner duly exercised discretion . . . nor any proof that 'good cause' had been shown for such extension." The record however does not support this contention. The master granted the plaintiff's request for a ruling that "medical extension may not be retroactive." *Carbonneau* v. *Company,* 97 N. H. 438. He denied another request to the effect that this issue is "completely separate from entitlement to compensation," and "involves a review of the Commissioner's action," presumably because the same request also called for a ruling that "there is no evidence to support that determination, since no discretion was exercised or reason given."

Certainly the request served to call the master's attention to the distinction between this issue and other issues upon which a trial *de novo* was in order. While in granting the extension the Commissioner was required to find that further medical care was required as a result of the industrial accident (*Carbonneau* v. *Company, supra*), the finding was implied in the extension granted, and there was no indication that the Commissioner abused his discretion in granting it. *Desrosiers* v. *Company,* 97 N. H. 525.

While the master's recommendation might better have taken the

426

form of a ruling sustaining the action of the Commissioner, rather than of what might be taken as an original order of the court (*cf. Great American Ind. Co.* v. *Roussell*, 103 N. H. 125, 130), we see no cause to set the order aside merely because of the form of the recommendation.

The remaining contentions of the defendants relating to the disposition made of requests for findings and rulings, and to evidentiary rulings made in the course of the hearing, have been carefully reviewed and present no reversible error.

*Exceptions overruled.*

All concurred.