100 N.J. Super. 103 (1968)
241 A.2d 257
VINCENT S. MAC DONALD, PETITIONER-RESPONDENT,
v.
HUDSON BUS TRANSPORTATION CO., INC., A CORPORATION, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1968.
Decided March 21, 1968.
*104 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Isidor Kalisch argued the cause for respondent-appellant.
Mr. Aaron Gordon argued the cause for petitioner-respondent.
PER CURIAM.
MacDonald was awarded workmen's compensation. His employer, Hudson Bus Transportation Co., Inc., appealed to the County Court. The County Court affirmed, saying in its opinion:
"The Judge of Compensation, on the facts in this case, could clearly have concluded, as he did, that the strain of petitioner's work on November 29, 1964, caused or accelerated his present condition and thus gave rise to compensability.
*105 `The scope of review is whether the findings could reasonably have been reached on sufficient credible evidence present in the record considering proofs as a whole with due regard to the opportunity of the one hearing the case to judge credibility'. Hebrank v. Parsons, 88 N.J. Super. 406 (1965)."
The employer contends the County Court did not understand that its duty was to weigh the evidence anew and therefore we should make independent findings of fact ourselves or remand the case to the County Court to do so.
We agree that the County Court misconceived the scope of its review. Close v. Kordulak Bros., 44 N.J. 589 (1965) changed the scope of review in workmen's compensation cases only in the Appellate Division and in the Supreme Court. Hebrank v. Parsons, Brinckerhoff, Hall & MacDonald, 88 N.J. Super. 406 (App. Div. 1965), relied upon by the County Court, followed Close v. Kordulak Bros. and dealt with the scope of review in the Appellate Division. Neither Close nor Hebrank nor any other case has affected the duty of the County Court to weigh the evidence and state its reasoned conclusions thereon, even though the trial de novo before the County Court is upon the record of the testimony before the Judge of Compensation. That duty has not been lessened. Close, supra, 44 N.J., at p. 598.
As was pointed out in Russo v. United States Trucking Corp., 26 N.J. 430, 433 (1958), before the Workmen's Compensation Bureau was established compensation claims were initiated in the Courts of Common Pleas and decided upon testimony there presented. In 1918, when the Bureau was established, review of the Bureau's decisions was provided for by trial de novo in the Courts of Common Pleas, not on the record as now but upon "a full rehearing of the testimony of the witnesses" which, of course, meant a completely new evaluation of the testimony, including credibility. (Russo, p. 433). In 1921 the Legislature provided for the present method of review, by trial de novo upon the record instead of with live witnesses, but the obligation remained upon the Common Pleas and is now upon the County Court *106 to weigh the evidence anew. R.R. 5:2-5 requires the County Court to state its own findings of facts and its own reasons for its conclusions. Where the credibility of a particular witness is in question, the County Court should take into consideration the evaluation of that credibility by the Judge of Compensation because he heard and saw the witnesses, but even then the County Court is not bound by such evaluation. Cf. Congleton v. Pura-Tex Stone Corp., 53 N.J. Super. 282, 287-288 (App. Div. 1958). In every other respect the County Court must bring its own new mind to the weighing of the testimony uninfluenced by the opinion and conclusions of the Judge of Compensation. Folsom v. Magna Manufacturing Co., 14 N.J. Super. 363, 367 (App. Div. 1951); Augustin v. Bank Building and Equipment Corporation, 41 N.J. Super. 187, 191-192 (Cty. Ct. 1956), affirmed 44 N.J. Super. 242 (App. Div. 1957); Congleton v. Pura-Tex Stone Corp., supra.
The excerpt from the opinion, quoted above, shows that the County Court may have been influenced by his mistaken view of the scope of the review required of him. Therefore, we remand the case to the County Court for appropriate findings of fact and conclusions of law in accordance with R.R. 5:2-5 and this opinion, to be filed by April 15th. We retain jurisdiction.