103 N.J. Super. 170 (1968)
246 A.2d 754
ROSE STALLONE, PLAINTIFF-RESPONDENT,
v.
SCHIAVONE-BONOMO CORP., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Decided October 14, 1968.
*171 Before Judges GOLDMANN, KOLOVSKY and CARTON.
Mr. Paul B. Thompson argued the cause for appellant (Messrs. Lamb, Blake, Hutchinson & Dunne, attorneys).
Mr. Joseph Persky argued the cause for respondent (Mr. Abraham Lightdale, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This is an appeal from a County Court judgment affirming an award by the Workmen's Compensation Division in favor of petitioner widow.
*172 Before proceeding to the merits it should be pointed out that the county judge was confused as to the scope of review on appeal from the Division. In his letter opinion he first stated that the function of the County Court is to hear the matter de novo on the record below  the correct rule. But he then proceeded to state the determinative standard to be "whether the findings made below could reasonably have been reached on sufficient credible evidence present in the record," citing Close v. Kordulak Bros., 44 N.J. 589, 599 (1965), and ruling that the standard had been satisfied. This was a mistaken conception of the scope of review in the County Court. MacDonald v. Hudson Bus Transp. Co., Inc., 100 N.J. Super. 103, 105 (App. Div. 1968.)
Were there any real dispute as to the facts we would, as in MacDonald, have to remand the matter so that the County Court might exercise its independent fact-finding function. However, the facts are almost all undisputed, and appellant does not argue that the county judge misconceived his function. Under the circumstances, and in view of the fact that the judge reached the correct result after applying existing substantive law to the facts, there is no need for remand. We proceed to make our own findings and conclusion.
Petitioner's husband, an employee in appellant's plant, was in the habit of reporting for work well in advance of the starting hour of 7 A.M. On his way to work before dawn on January 25, 1966, and while walking along a strip of land owned by the Central Railroad Company of New Jersey, he was struck and killed by an automobile driven by a fellow employee. The sole issue on this appeal is whether, within the so-called "going and coming" rule and the exceptions thereto, decedent met his death in an accident arising out of and in the course of his employment. Appellant company contends that he was killed while walking along a public road and therefore his widow may not be awarded compensation. She, in turn, argues that the strip was not a public road but only a means of ingress and egress to the plant.
*173 As a general rule, where an employee is on his way to work and has not yet entered his employer's premises, he is not in the course of his employment and may not be awarded compensation for any injuries suffered. Popovich v. Atlantic Products Corp., 125 N.J.L. 533, 535 (Sup. Ct. 1941). However, where the employee has left the public highway and is entering his employer's premises through a proper means of ingress "so closely related to the place of employment that it may be deemed incidental thereto," compensation will be awarded. Cossari v. L. Stein & Co., 1 N.J. Super. 39, 43 (App. Div. 1948).
The strip of land along which decedent was walking, although forming a natural extension of Jersey Avenue south of Canal Street, had never been dedicated to the municipality. Appellant's plant borders the Tidewater Basin and adjoins this strip. The general area was once a freight yard of the Lehigh Valley and Central Railroads. A number of parcels had been sold to various industrial enterprises, some bordering the strip and others Aetna Street, which intersects it. The only means of ingress to and egress from appellant's plant and those of other enterprises was over this strip. (There was some testimony as to two side roads, which were described as dirt roads and lumpy, which "no one uses.") The strip is classified for tax purposes as main stem railroad property. It was partially paved some years ago by appellant and other companies in the area. There are no sidewalks, utilities or street lights.
The proofs clearly establish that the strip was used to gain access to appellant's premises. Indeed, its vice-president stated that this was in fact the sole means of ingress and egress to and from the plant, and that nearly all its employees used it. Furthermore, the deed to the Schiavone-Bonomo premises expressly contemplated that the company would have access to and from its property over the strip in question:
*174 "The parties hereto contemplate that the party of the third part [Schiavone-Bonomo] shall have access to and from the premises hereby conveyed over that portion of the lands of The Central Railroad Company of New Jersey which would be within the confines of Jersey Avenue if the same were extended in a southerly direction, the parties of the first and second parts and their patrons and tenants having for over thirty years used said right of way for ingress and egress to and from the premises hereby conveyed and the party of the third part having been in possession of the property hereby conveyed for several years and having used said right of way for ingress and egress thereto. It is understood, however, that any and all covenants for title contained in this indenture shall not extend to or include such right of way or any rights thereto."
The deed also provided that "nothing herein contained shall be construed as a dedication or recognition of said Jersey Avenue [as extended in a southerly direction]."
Appellant attempted to establish that despite nondedication, the strip had become a public street by prescription because of its use by the general public for more than 20 years. In this connection, we note that the strip runs between two city streets (Canal and Aetna) and there was some evidence that Central Railroad had made no effort to exclude the public from using it.
Both the compensation judge and the county judge concluded that the strip of land was a privately-owned access road to appellant's premises. They also agreed that there was no proof that the strip had become a public street by prescription. On this basis they held that since decedent met his death on an access road which was not a public street, his widow was entitled to compensation.
Appellant's proofs fell short of the mark of supporting its contention that the paved strip was in fact a public street. The mere fact that the public was not excluded is not enough to create a use by prescription. The inquiry should be: Did those who passed and repassed over the strip use it indiscriminately and in their capacity as members of the general public, or did they do so because of their relation to particular property owners or users as, for example, appellant company? See Olsen v. Erie R.R. Co., 99 N.J.L. *175 485, 487 (E. & A. 1924). The record establishes that the latter was the actual situation. The private nature of the strip was not necessarily destroyed by the fact that it linked two city streets. Cf. Cerria v. Union News Co., 31 N.J. Super. 369, 372 (App. Div. 1954).
We conclude that decedent was killed while on his way to work over a private access road to his employer's plant. Cf. Basinski v. Detroit Steel Corp., 2 N.J. Super. 39 (App. Div. 1949).
The judgment is affirmed.