107 N.J. Super. 183 (1969)
257 A.2d 730
STEPHEN LEWIS DALY, PETITIONER-RESPONDENT,
v.
EDWARDS ENGINEERING CORP., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 10, 1969.
Decided April 1, 1969.
*185 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. George J. Kenny argued the cause for Respondent-Appellant (Messrs. Pindar, McElroy, Connell & Foley, attorneys).
Mr. Abram Simon argued the cause for Petitioner-Respondent (Messrs. Simon & Simon, attorneys).
The opinion of the court was delivered by LEONARD, J.A.D.
In this Workmen's Compensation case, petitioner on July 9, 1963 was driving easterly on Alexander Avenue, Pequannock Township, on his way to work at respondent's plant. He was injured when his automobile was struck by a train as he was traversing the tracks of the Erie Railroad. At the time he was struck, he had not as yet reached respondent's premises, which are east of and contiguous to the tracks.
The sole question involved on this appeal is whether the facts of petitioner's case bring it within the "special hazard" exception of the "going and coming" rule. The County Court found that they did and that petitioner had clearly established his right to conpensation and reversed a decision to the contrary by the Division of Workmen's Compensation.
Generally, where an employee is on his way to or from work and has not yet entered or has already left his employer's premises he is not in the course of his employment and is therefore not entitled to a compensation award for injuries suffered at that time. See, e.g., Stallone v. Schiavone-Bonomo Corp., 103 N.J. Super. 170, 173 (App. Div. 1968); Ricciardi v. Damar Products Co., 45 N.J. 54, 61 (1965); Moosebrugger v. Prospect Presbyterian Church, 12 N.J. 212, 214 (1953). However, there is a noted exception to this general rule. "[I]f an employee suffers an *186 accident and resulting injuries caused by the use of a means of ingress and egress to and from the place of employment, in connection with which there is a hazard or risk more or less immediately adjacent thereto, such accidents are considered to have risen out of and in the course of the employment and the injuries are, therefore, compensable." Fenton v. Margate Bridge Co., 24 N.J. Super. 450, 457 (App. Div.), certification denied 12 N.J. 350 (1953).
The fact that the accident happens upon a public highway and that the danger is one to which the general public is likewise exposed is not conclusive against the existence of sufficient causal relationship to the employment if the danger is one to which the employee, by reason of and in connection with his employment, is subjected peculiarly or to an abnormal degree. Cudahy Packing Co. of Neb. v. Parramore, 263 U.S. 418, 424-426, 44 S.Ct. 153, 68 L.Ed. 366 (1923); Greydanus v. Industrial Accident Commission, 63 Cal.2d 490, 47 Cal. Rptr. 384, 407 P.2d 296 (1965); Johannsen v. Acton Construction Co., Inc., 264 Minn. 540, 119 N.W.2d 826 (1963); Jaynes v. Potlatch Forests, Inc., 75 Idaho 297, 271 P.2d 1016, 50 A.L.R.2d 356 (1954). Cf. Arrington v. Goldstein, 23 N.J. Super. 103 (App. Div. 1952).
Fenton v. Margate Bridge Co., supra, and Gullo v. American Lead Pencil Co., 119 N.J.L. 484 (E. & A. 1938) are not to the contrary. In both of these cases compensation was denied to an employee who was injured on a public highway while on his way to work, not per se for the reason that he was on the highway, but rather because the hazard confronting the employee at the time was no greater than the hazard to which all other users of the highway were confronted and the factor of peculiar susceptibility to injury because of special relationship to the work situs was not presented.
Likewise, the fact that there may have existed an alternate means of ingress or egress to or from the employer's plant, other than the one chosen by the employee, does *187 not of itself bar petitioner from compensation. See Bountiful Brick Co. v. Giles, 276 U.S. 154, 48 S.Ct. 221, 72 L.Ed. 507, 66 A.L.R. 1402 (1928); Basinski v. Detroit Steel Corp., 2 N.J. Super. 39 (App. Div. 1949); Johannsen v. Acton Construction Co., Inc., supra; United States Fidelity & Guaranty Co. v. Gagne, 103 N.H. 420, 174 A.2d 406 (1961); Jaynes v. Potlatch Forests, Inc., supra. Cf. Bryn v. Central R.R. Co. of N.J., 114 N.J.L. 534 (Sup. Ct.), affirmed 115 N.J.L. 508 (E. & A. 1935).
In Bountiful Brick Co. v. Giles, the employee at the time of his injury was using the more convenient, although not the safest, means of access. The court, in affirming an allowance of compensation to the employee, noted (at 159 48 S.Ct. 221) that the chosen means had been habitually used by the employee with the employer's full knowledge and acquiescence, and without objection.
Likewise, in Basinski, the court based its affirmance of an award to an employee who was injured while using an alternate access route from her employer's place of business, in part, upon the fact that the route selected "had been used openly and continually by the petitioner and other employees over a long period of time and that no objection whatever had been voiced," (2 N.J. Super., at 41).
Although the court in Bryn denied compensation to an employee who used one of two available access routes, its determination was based upon the conclusion that the proofs failed to establish that the employee used the selected route "in accordance with his apparent custom and from which user there could be spelled out an implied authority on the part of the employer for his [employe] so doing," (114 N.J.L. at 540).
In sum, the determination of whether a given case falls within the "special hazard" exception to the "going and coming" rule cannot unfailingly be made upon the basis of an exact formula. Each case must depend upon its own peculiar facts and circumstances. Cudahy Packing Co. of *188 Neb. v. Parramore, supra, 263 U.S. at 424, 44 S.Ct. 153. Fenton v. Margate Bridge Co., supra, 24 N.J. Super., at 460; Bryn v. Central R.R. of N.J., supra, 114 N.J.L. at 539.
"The various exceptions adopted [to the `going and coming' rule] have in turn brought back into sharper focus the basic statutory test of compensability, that is, whether under the facts and circumstances of the particular situation the injury arose out of and in the course of employment. * * * Application of this basic test to the facts in a given case must be engaged in with an appreciation of the beneficent social purposes of workmen's compensation. When so applied, if it can be said reasonably that the employee is serving an incidental interest of his employer at the time of injury, the right to compensation exists." O'Brien v. First Camden Nat. Bank & Trust Co., 37 N.J. 158, 163 (1962).
We consider the pertinent facts here present. Petitioner, in selecting Alexander Avenue as means of reaching respondent's plant on the day in question, was using the route that he customarily and normally used to enter the plant during the entire time of his employment. The selected route was the shortest and most convenient one available to him. The other available route (the use of which would not require him to drive over the railroad tracks) was over the private property of one Samuel Braen. The latter apparently had given oral permission to respondent for its employees to drive over his property. However, respondent never gave its employees any specific oral or written instructions as to which route they should use nor did it prohibit the use of Alexander Avenue. A majority of the regular employees customarily used Alexander Avenue. So did Mr. Edwards, the owner of respondent, and members of the supervisory staff.
Alexander Avenue, although a public road, was not a road generally used by the public. At the time of the accident the paved portion thereof ended at the railroad tracks. Respondent's plant was the only business or building east of the tracks. Only persons having business with respondent would travel so far east on Alexander Avenue *189 as to cross the tracks. Respondent's plant was located just east of and was immediately adjacent to the tracks. It could not be reached through Alexander Avenue without traversing the tracks. There was a railroad siding connecting the main tracks to the plant, which siding was used by respondent for receiving and shipping.
Under all the facts and circumstances here present, we find that the hazard incident to crossing the railroad tracks was a danger to which petitioner, by reason of and in connection with his employment, was "subjected peculiarly or to an abnormal degree." Cudahy, supra, 263 U.S. at 424, 44 S.Ct. at 154. Therefore, we conclude that his claim falls within the "special hazard" exception to the "going and coming" rule and that his injury arose out of and in the course of his employment. O'Brien, supra, 37 N.J. at 163.
Judgment affirmed.